STATE EX REL. STERN MILLING COMPANY, Appellant, vs.
TAX COMMISSION OF WISCONSIN, Respondent.
STATE EX REL. BERNARD STERN & SONS, INC., Appellant,
vs. TAX COMMISSION OF WISCONSIN, Respondent.

*December 6, 1919—January 13, 1920.*

*Taxation: Deduction of federal income tax.*

1. Sub. (d), sec. 1087m—3, Stats. (the income tax act), authorizing the deduction from gross income of taxes imposed by any state or subdivision thereof, or any territory or possession of the United States, upon the source from which the income taxed by the Wisconsin act is derived, does not authorize the deduction of federal income taxes, since such taxes are not imposed by any state, or territory or possession of the United States, nor are they imposed upon the source from which the income taxed by the Wisconsin law is derived.

2. Sub. (b), sec. 1087m—3, authorizing "ordinary and necessary expenses" incurred in business to be deducted in calculating income taxes, does not authorize the deduction of federal income taxes, since such taxes are not peculiarly an expense of transacting business and the question of deducting taxes is specifically dealt with by sub. (d) of the same section.

State ex rel. Stern Milling Co. v. Tax Commission, 170 Wis. 506.

APPEALS from orders of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

*Certiorari* to review income tax assessments made by the *Tax Commission.* The relators herein are corporations, each keeping its accounts on a basis other than of actual cash receipts and disbursements, each having a fiscal year ending on the 31st day of August, 1918, and each making return for assessment of its income on a basis other than of cash receipts and disbursements, to wit, on an accrual basis, with the consent of the *Tax Commission.* In reporting their incomes for the year ending August 31, 1918, each deducted the amount of the federal income tax thereafter to be assessed on its income earned during the same period. The *Tax Commission* disallowed the deduction and assessed the state income tax upon the amount of the income returned, without such deduction. Writs of *certiorari* directed to the *Tax Commission* were issued out of the circuit court for Dane county. The *Tax Commission* moved to supersede the writs and, in due time, the circuit court entered orders superseding said writs. These are appeals from such orders.

For the appellants there was a brief by *Kaumheimer & Kenney* of Milwaukee, and oral argument by *William Kaumheimer.*

For the respondent there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general, and oral argument by *Mr. Brossard.*

OWEN, J. The precise question to be determined is this: May the relators, in making return of their income for the year ending August 31, 1918, anticipate the amount of income taxes which the federal government will later on assess against the income earned by them during such period and deduct the amount of such anticipated federal income taxes from their income earned during the year ending August 31, 1918? An answer to the question must

depend upon a construction of our own statutes. *Estate of Week,* 169 Wis. 316, 172 N. W. 732. Sec. 1087*m*—1, Stats., provides as follows:

"There shall be assessed, levied, collected and paid a tax upon incomes received during the year ending December 31, 1911, and upon incomes received annually thereafter, by such persons and from such sources as hereinafter described; provided, that firms, copartnerships, corporations, joint-stock companies and associations which customarily close their annual accounts on a date other than December 31, or which customarily estimate their income or profits on a basis other than of actual cash receipts and disbursements, may, with the consent and approval of the tax commission, return for assessment and taxation the income or profits earned during the business year for which the accounts of such person are customarily made up."

Sec. 1087*m*—2 specifies what shall be considered income for the purposes of the act. The provisions of that section are not material here. Sec. 1087*m*—3 provides what may be deducted from the gross income of corporations. If the deduction claimed by relators can be allowed, it is by virtue of the provisions of sub. (b) or (d) of that section. Sub. (b) provides that there may be deducted—

"Other ordinary and necessary expenses and cash bonuses to employees, actually paid within the year out of the income in the maintenance and operation of its business and property, including a reasonable allowance for depreciation by use, wear and tear of property from which the income is derived. . . ."

Sub. (d), at the time the relators were called upon to make their returns, authorized deductions for—

"Sums paid by such person within the year for taxes imposed by any state of this union or subdivision thereof, or any territory or possession of the United States, upon the source from which the income taxed by this act is derived."

There are two reasons why the deductions claimed are not authorized by sub. (d). One is, that no income tax of any kind, nature, or description is authorized by its terms to be

deducted.    The only taxes the deduction of which is author-
ized are taxes imposed upon the source from which the in-
come taxed by the act is derived.    Relators claim that a tax
imposed upon incomes is a tax upon the source from which
they are derived, and cite to that proposition *Pollock v.
Farmers' L. & T. Co.* 158 U. S. 601, 15 Sup. Ct. 912.    Un-
der our constitution property tax means one thing and in-
come tax another.    A tax on income is not a tax on prop-
erty.    The philosophy of the *Pollock Case* does not apply
here in view of our constitutional provision.    *Income Tax
Cases,* 148 Wis. 456, 507, 134 N. W. 673, 135 N. W. 164.
The language of sub. (d) contemplates a tax imposed
directly upon the property from which the income is de-
rived, and, for the purposes of that statute, a tax imposed
upon income is not a tax imposed upon the source from
which the income is derived.    Another answer to the propo-
sition is this: Sub. (d) authorizes the deduction only of
taxes "imposed by any state of this union or subdivision
thereof, or any territory or possession of the United States,
upon the source from which the income taxed by this act
is derived."    If we were to construe an income tax as a tax
imposed upon "the source from which the income taxed by
this act is derived," it could not be held that the federal
income tax is imposed "by any state of this union or any
subdivision thereof, or any territory or possession of the
United States," and such a construction would not serve
the purpose of the relators.    Sub. (d), therefore, as it
existed at the time relators were required to make their in-
come tax returns, is not susceptible of a construction which
will enable them to deduct federal income taxes even though
they have been actually paid during the year ending August
31, 1918.

Relators further contend that if the deduction is not
authorized by sub. (d) it is authorized by sub. (b), as being
"ordinary and necessary expenses . . . actually paid within
the year out of the income in the maintenance and operation

of its business and property." Waiving the question of whether, in order to be deducted, the tax must have been actually paid, in view of the fact that the books of account of these corporations were kept on what is called an accrual basis, we have little difficulty in arriving at the conclusion that the terms "other ordinary and necessary expenses," used in sub. (b), do not include the federal tax in question. In the first place, taxes are not peculiarly an expense of transacting business. They are no more an expense of business than they are an expense of loafing. They represent the price which every citizen must pay for the privileges and the protection of government. The man of leisure who derives his income from investments and securities is subject to the tax as well as the man whose income is the result of business efforts. The general property tax is a tax computed upon the value of property. The income tax is a tax laid upon the individual in proportion to his ability to pay, such ability being measured by his income, and whether his income is the result of business effort or otherwise is in no sense material. We do not overlook the fact, of course, that the business man in fixing his margin of profit must take into consideration the tax burden which he will be called upon to meet. This is true as well of many other fixed items of expense which in no sense constitute an expense of doing business. Then, too, it must be remembered that "income" for the purposes of taxation is not necessarily identical with "income" for other purposes, the declaring of dividends for example. For taxation purposes "income" is to be determined in accordance with rules laid down by the statute, and it may well happen that the application of such rules will not establish the real net income in many instances, neither is it necessary that they should. The ultimate object to be attained is not to fix the real net income, which is left for the use and enjoyment of the producer thereof, but to arrive at a basis upon which a tax measured by his ability to pay is to be computed.

But a more conclusive answer to the proposition that the terms "other ordinary and necessary expenses" do not ·include the tax in question is found in the fact that the statute authorizing deductions specifically deals with the question of taxes. If the legislature considered that the item of taxes falls under the general head of "other ordinary and necessary expenses," then sub. (d) is entirely superfluous. It is apparent that the legislature did not so consider it, and in order to authorize deductions of sums paid for taxes, from the income, for the purpose of fixing the net taxable income, it specifically authorized the deduction of those taxes which it deemed proper, should be deducted by the enactment of sub. (d). The legislature having specifically authorized the deduction of certain taxes in order to arrive at the net taxable income, it follows, upon well known principles of statutory construction, that no other taxes can be deducted. *Expressio unius est exclusio alterius.* That this was the legislative view is indicated by the fact that the legislature of 1919 (ch. 435) made provision for the deduction of federal income taxes in determining the amount of net taxable income under our laws.

These conclusions make it unnecessary to consider the contention of the relators that actual payment of the taxes was not necessary to authorize the deductions because their accounts were kept upon an accrual basis, for the reason that, whether paid or not, the statute did not authorize the deductions. It follows, therefore, that the orders of the circuit court superseding the writs should be affirmed.

*By the Court.*—Orders affirmed.