WISCONSIN BOX COMPANY and another, Appellants, vs. WISCONSIN TAX COMMISSION, imp., Respondent.

*February 7—April 2, 1929.*

For the appellants the cause was submitted on the briefs of *Bird, Smith, Okoneski & Puchner* of Wausau.

For the respondent there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

OWEN, J. The Wisconsin Tax Commission assessed an additional income tax against the plaintiffs for the years 1916 to 1924, inclusive. The Wisconsin Box Company is a subsidiary of the Wausau Land Company, and for a number of years was permitted to make joint income tax reports to the Tax Commission and an income tax was assessed against them jointly. This appeal presents two questions: one relates to a deduction claimed by the taxpayers for depreciation of a sawmill; and the other relates to a depletion charge for the cutting of timber, also claimed as a deduction by the taxpayers.

The income tax reports filed by the taxpayers contained an amount claimed as depreciation during each of the years, but these reports contain nothing to indicate the basis upon which such deductions for depreciation were arrived at, and the income tax was assessed for each year upon the assumption on the part of the Tax Commission that such deductions were properly allowable. Upon a re-audit of the books of the companies by the Tax Commission, made pursuant to the provisions of sec. 71.10, Stats., it was ascertained that the depreciation claimed by the taxpayers on the sawmill was arrived at by them on the theory that there was a certain amount of timber available to be cut by the sawmill, and that the depreciation of the sawmill for each year was in the proportion that the timber so cut during that year bore to the total amount of timber available to be cut by the sawmill. Upon re-audit the Tax Commission held that this was not a proper rule of depreciation, and allowed for depreciation a flat rate of ten per cent. during each year.

Appellants insist that the rule of depreciation applied by them to the sawmill is a proper rule, and that the Tax Commission was in error in applying a flat depreciation rate. The statute, sec. 71.03 (2), authorizes as a deduction "a reasonable allowance for depreciation by use, wear and tear of property from which the income is derived." The depreciation allowed by the statute is for "use, wear and tear" of the property therein specified. The depreciation claimed by the taxpayers, it will be observed, is a different kind of depreciation; somewhat in the nature of obsolescence. It is based on the theory that the sawmill is purchased for the purpose of sawing a given quantity of timber, and that, when the timber is sawed, there will be no further use for the sawmill; that its value will have disappeared; and that the value of the mill depreciates each year in the proportion that the amount of timber sawed bears to the total amount of timber available for sawing by the mill. We do not question

that as a practical proposition this manner of depreciating the sawmill constitutes good accounting. But the question is whether this manner of depreciating the value of the mill constitutes a proper deduction within the terms of the statute.

The statute authorizes a deduction for depreciation occurring only by "use, wear and tear." If the mechanical life of the mill be only half spent by the time the timber available is entirely cut, it will be seen that a considerable disparity results by the application of the two methods. It may be conceded that, as a practical proposition, the mill constitutes property of little value in the hands of the owner, but the depreciation of its value is not necessarily attributable to "use, wear and tear." It is attributable to the fact that the owner has no further use for the mill and that there is no sale for it except as a second-hand piece of property. But the statute does not allow a deduction for depreciation arising from such considerations. It allows the depreciation resulting only from "use, wear and tear." It is not disputed that the depreciation allowed by the Tax Commission for "use, wear and tear" of the mill was at a proper rate therefor, which are the only elements to be taken into consideration, and we hold that the amount fixed by the Tax Commission for the depreciation of the mill must stand.

With reference to the depletion of the timber: the Wausau Land Company was the owner of the land and the timber, while the Wisconsin Box Company was a subsidiary engaged in the manufacture of the timber. The statute, sec. 71.03 (2), allows the taxpayer a deduction "for depletion of ores and other natural deposits on the basis of their actual original cost in cash or the equivalent of cash." It will be noticed that, in terms, the statute does not allow for depletion of timber, but in the administration of the tax law this provision of the statute has been construed to include timber, and we are dealing with the question upon the assumption that such a construction of the statute on the part of the

Tax Commission should be followed, as, if such construction be not in accordance with the legislative intent, there has been abundant opportunity for the legislature to amend the statute so as to deny such deduction. The returns made by the taxpayers to the Tax Commission at no time showed the method by which the amount claimed as a deduction for timber depletion was arrived at, but the Tax Commission assessed the income tax upon the theory that the amount thus claimed constituted a proper deduction.

It will be seen that the statute specifies as a basis for a depletion deduction the "actual original cost in cash or the equivalent of cash." As we interpret appellants' argument, it is their contention that the basis for this deduction should be the actual market value of the timber as of January 1, 1911, and this seems to be conceded by the Tax Commission as well as the learned attorney general. In the hearing before the Tax Commission the issue seemed to be what was the market value of the property January 1, 1911, the appellants relying upon the valuation fixed by federal income tax authorities as of March 1, 1913. The Tax Commission refused to accept this valuation as indicating the value of the land as of March 1, 1911, but fixed the valuation thereof as it appeared on the books of the company as of January 1, 1911. This included not only the original cost of the timber which was purchased during the years 1905 to 1907, but a surplus appreciation of more than $54,000 credited to the timber account on the books of the company in 1906. This would seem to constitute as favorable a basis for the taxpayer for the computation of depletion deductions as is permitted by the statute, which prescribes that the basis shall be the "actual original cost in cash or the equivalent of cash."

But if the basis for the computation is to be the value of the property as of January 1, 1911, we hold that the order of the commission must none the less be affirmed. The evidence relating to the value of the timber on this date

which the commission had before it was derived from two sources: first, the amount at which it was carried on the books of the company, and second, the valuation placed upon the timber by federal income tax authorities as of March 1, 1913. It is exceedingly doubtful whether the latter valuation constituted evidence of any sort or character, but even if it be accorded some dignity as evidence it is by no means conclusive. It cannot be said that a finding fixing the value of the timber as of January 1, 1911, at the amount carried upon the books of the company, is without any evidence in its support, and it seems clear that the finding of the Tax Commission in this respect must also be sustained.

It is further contended that this case is ruled in favor of the taxpayers by *State ex rel. Schuster Realty Co. v. Lyons;* 184 Wis. 175, 197 N. W. 585, 199 N. W. 48. In that case the return of the taxpayer clearly revealed that it was claiming a depreciation deduction of three per cent. per annum upon a concrete building. It was held in that case that the Tax Commission, when it computed the income tax based upon such return, had before it all the facts of which it was cognizant when it later reduced the deduction, for such item to two per cent. per annum, and that the statute allows a reassessment by the Tax Commission only when it has before it additional facts which were withheld by the taxpayer in its income tax report. This case does not present such a situation. Here the Tax Commission was not advised by the report of the taxpayers of the manner in which the amounts claimed as deductions were arrived at. The amount paid for the timber was not revealed. The amount of the timber owned by the company was not disclosed. There was no way of telling from the report of the taxpayers what would be a reasonable allowance per thousand feet of the timber cut during the year as and for depletion.

*By the Court.*—Judgment affirmed.