MILWAUKEE GAS LIGHT COMPANY, Appellant, v. DEPART-
MENT OF TAXATION, Respondent.*

*March 2—March 31, 1964.*

* Motion for rehearing denied, without costs, on June 2, 1964.

For the appellant there were briefs by *Foley, Sammond & Lardner* and *Theodore C. Bolliger,* all of Milwaukee, and oral argument by *Mr. Bolliger.*

For the respondent the cause was argued by *Harold H. Persons,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

CURRIE, C. J. The issue raised by this appeal is whether a public utility taxpayer is permitted to deduct from gross income, for purposes of computing its net income subject to Wisconsin income tax, the additional amounts which it was ordered to charge to depreciation and to credit to its reserve for depreciation under the PSC order of August 30, 1956. This issue is one of first impression in Wisconsin. It arises solely because of the complete statutory scheme of public-utility regulation and the legal impact of such regulation on all of taxpayer's accounting, income, and property values, and has no application to nonutility businesses.

The controlling statute is sec. 71.04 (2), Stats., which provides:

"Every corporation, . . . shall be allowed to make from its gross income the following deductions:

"(2) Other ordinary and necessary expenses actually paid within the year out of the income in the maintenance and operation of its business and property, including a reasonable allowance for depreciation by use, wear and tear of property from which the income is derived . . ." [1]

---

[1] The term "actually paid" includes the accrual-basis taxpayers under the definition of that term in sec. 71.02 (3), Stats. The instant taxpayer reports on an accrual basis.

The determination of whether this statute permits the deduction of these amounts of depreciation requires the resolving of these two questions:

(1) Are such amounts ordinary and necessary business expenses of taxpayer?

(2) Is the statutory word "including" a word of limitation so as to exclude from the operation of the statute any expense charge of a public utility labeled "depreciation" which otherwise qualifies as an ordinary business expense?

*Ordinary and Necessary Business Expenses.*

The PSC, acting as an arm of the state, has full jurisdiction under ch. 196, Stats., over taxpayer's depreciation charges, accounting, and gas rates. Pursuant to such authority, the PSC periodically, by order under sec. 196.09, Stats., finds the reasonable and proper expense which taxpayer, as a public utility, is required to charge against its income under the designation of "depreciation" and is required to record in the depreciation reserve on its books. Under sec. 196.09 (8), the amounts so recorded in its depreciation reserve can be used only to charge off losses on property actually retired from service. Under the PSC's rate-making methods, the exact amounts in the depreciation reserve are deducted directly from the original cost of taxpayer's property in determining the fair value of property on which taxpayer is allowed to earn a reasonable return. The annual depreciation charges found reasonable and proper by the PSC thus directly and exactly reduce the value of taxpayer's property since they decrease its earning ability.

Because of these attributes of the regulatory power of the PSC over public utilities such as taxpayer, it necessarily follows that any amounts which PSC properly orders to be deducted as depreciation expense and which it orders to be

included in a utility's depreciation reserve, are ordinary and necessary business expenses of such utility. Neither the circuit court nor the board made any finding that these depreciation expenses were not ordinary and necessary business expenses. The matter of the amount of a depreciation charge is one peculiarly within the province of the PSC and is not to be disturbed by a court except in a clear case. *Wisconsin Telephone Co. v. Public Service Comm.* (1939), 232 Wis. 371, 381, 287 N. W. 167.

### *"Including" as a Word of Limitation.*

Both the board and the circuit court decisions are based on the ground that the questioned amounts were in essence charges for obsolescence which were excluded by the statutory words, *"including* a reasonable allowance for depreciation by use, wear and tear of property from which income is derived."  (Emphasis supplied.)  While the order of the PSC says nothing about obsolescence, the decisions of the board and circuit court were grounded on the premise that only "straight-line" depreciation could reflect depreciation due to use, wear and tear so that a method, which charged larger percentages of depreciation during the early years and declining smaller percentages in later years, necessarily embodied a charge for obsolescence.  From this premise, the conclusion was reached that nothing in the nature of obsolescence can ever be deducted under sec. 71.04 (2), Stats., because of this court's holding in *Wisconsin Box Company v. Wisconsin Tax Comm.* (1929), 198 Wis. 439, 224 N. W. 483.

Once the determination is made that the questioned depreciation charges are ordinary and necessary business expenses, they are necessarily deductible for the state income-tax purposes of this public utility taxpayer unless the statutory word

*"including"* is to be interpreted as limiting or restricting the statutory language which precedes it.

Courts have found the word "including" a perplexing one to interpret. An examination of the cases discloses that it has at least three generally accepted meanings: (1) As a term of enlargement;[2] (2) as a word of limitation or enumeration; and (3) as referring to things which form a part of the principal thing mentioned. See 42 C. J. S., Including, pp. 525, 526, and cases cited in footnotes. This court in *Schluckebier v. Arlington Mut. Fire Ins. Co.* (1959), 8 Wis. (2d) 480, 483, 484, 99 N. W. (2d) 705, stated that "include" has two acceptable shades of meaning, namely, (1) the only thing included, or (2) that which follows constitutes only a part or a component of the whole. The court then went on to hold that it is in this second sense in which the word is most commonly used. The United States supreme court in *Federal Land Bank v. Bismark Lumber Co.* (1941), 314 U. S. 95, 100, 62 Sup. Ct. 1, 86 L. Ed. 65, pointed out "that the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle."

We are satisfied that to interpret the word "including" in sec. 71.04 (2), Stats., as being a word of limitation or restriction would be to accord it the exceptional rather than the commonly accepted meaning. It is much more likely that the legislature employed such term to make sure that depre-

---

[2] Some cases hold that "includes" or "including" is ordinarily a word of enlargement and not of limitation. *United States v. Gertz* (9th Cir. 1957), 249 Fed. (2d) 662; *People v. Western Air Lines, Inc.* (1954), 42 Cal. (2d) 621, 268 Pac. (2d) 723; *Penn Dairies v. Milk Control Comm.* (1942), 148 Pa. Super. Ct., affirmed in 344 Pa. 635, 26 Atl. (2d) 431; *El Paso Electric Co. v. Safeway Stores* (Tex. Civ. App. 1953), 257 S. W. (2d) 502. Cf. *Department of Treasury of Indiana v. Meussel* (1941), 218 Ind. 250, 32 N. E. (2d) 596, wherein it was held that the use of "including" as a term of enlargement is exceptional.

ciation due to use, wear and tear was deductible as an ordinary and necessary business expense. Therefore, we accord to "including" its more commonly accepted meaning of classifying that which follows as being a component part of the whole.

The attorney general cites *State ex rel. Stern Milling Co. v. Tax Comm.* (1920), 170 Wis. 506, 175 N. W. 931, for the proposition that the portion of sec. 71.04 (2), Stats., which follows the word "including" is a limitation upon that part of the statute which precedes it. The *Stern Milling Co. Case* is concerned with an entirely different principle of statutory construction, viz., where there is a general statute and a specific statute, either of which standing alone would be applicable, the specific statute controls. Here we are concerned with a single sentence of a statute where the key word to be interpreted is "including."

The attorney general also cites and places his chief reliance on *Wisconsin Box Co. v. Wisconsin Tax Comm., supra.* In that case the taxpayer depreciated a sawmill on its income-tax returns for a period of years on the basis of how long the supply of timber owned by it would last plus the assumption that it would be able to buy an equal amount of timber from other sources to operate the mill. The tax commission disallowed this method of depreciation and in its opinion stated (pp. 57, 58 of printed case) :

"The record shows that in arriving at its base for computing depreciation in this manner the appellant took into consideration the timber which it owned and 'took into consideration the acquisition of a like amount.' This was rather an arbitrary method of determining the number of logs which the mill might cut, and the Commission finds that the method is so arbitrary that it cannot be allowed. The rate allowed by the Commission adequately covers the wear and tear of this saw mill and does not depend on whether the future log supply of this mill has been over or under-

estimated. The appellant could not know in advance whether it would be able to purchase this tract or that tract of timber or whether the logs from this or that tract of timber would be sawed at its mill. The method, therefore, is at best only a very rough guess which is open to serious inaccuracies due to subsequent events over which the corporation has no control and of which the corporation had no knowledge at the time."

The circuit court affirmed the Tax Commission's decision and on appeal this court held that only depreciation for use, wear and tear, and not for obsolescence, could be allowed under the then sec. 71.03 (2), Stats., now sec. 71.04 (2). The opinion does not discuss the question of whether obsolescence could ever be deducted as an ordinary and necessary business expense. In view of the obvious arbitrary method by which the taxpayer in that case had determined obsolescence, there was little occasion for the opinion to have touched upon this question.

Furthermore, we do not consider that the *Wisconsin Box Co. Case* should control our determination of the issue of whether a particular expense charge which a public utility is ordered by the PSC to make on its books is an ordinary and necessary business expense within the meaning of sec. 71.04 (2), Stats. The fact that the PSC labeled the amounts in question as "depreciation" is of little moment because labels do not and should not determine what is an ordinary and necessary business expense of a public utility. What is controlling is how the PSC requires the utility to handle the deduction on its books.

In view of the foregoing we determine that inasmuch as the questioned depreciation charges constitute ordinary and necessary business expenses, the language of sec. 71.04 (2), Stats., following the word "including," does not limit or restrict the deduction of such expenses by taxpayer for state income-tax purposes.

*By the Court.*—Judgment reversed, with directions that the circuit court set aside the decision and order of the board and remand the case to the board for further proceedings not inconsistent with this opinion.

WILKIE, J., took no part.