STATE of Wisconsin, Plaintiff-Respondent,

v.

Eugene CALDWELL, Defendant-Appellant.†

Court of Appeals

*No. 89-1109-CR. Submitted on briefs December 29, 1989.—Decided February 7, 1990.*

(Also reported in 454 N.W.2d 13.)

†Petition to review denied.

684

685

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Charles Bennett Vetzner,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *James M. Freimuth,* assistant attorney general.

Before Brown, P.J., Scott and Nettesheim, JJ.

BROWN, P.J. Eugene Caldwell appeals from his conviction of obstructing an officer. He argues that the evidence was insufficient to support his conviction because, although it included proof that he knowingly gave false information with intent to mislead a police officer in the performance of his duty, the officer was not prevented or hampered in his performance. We hold, however, that proof of knowingly giving false information with intent to mislead constitutes an obstruction as a matter of law. No other proof is needed. Caldwell also argues that even if the state's proof was sufficient under the obstruction statute, it was insufficient under the jury instructions given in this case. We disagree, holding that the evidence was sufficient under the jury instructions given. Third, Caldwell argues that he was deprived of his right to a unanimous jury verdict because the jury instructions offered the jury two distinct theories of obstructing. We conclude that the evidence could sustain a guilty verdict under both theories.

Caldwell also argues that he was wrongly sentenced as a repeater, on two grounds. First, he asserts that repeater allegations must be contained in the information, and that because the allegation here is found only

686

in the complaint, his due process and statutory rights to adequate notice of potential punishment were violated. We hold that recital of repeater allegations in the complaint constitutes sufficient notice. Caldwell also argues that the state failed to prove the repeater allegations. We hold that the allegation was proved by the presentence report. We affirm.

Lake Geneva police stopped Caldwell after an employee of the Geneva Sports Store reported that two leather coats were missing. Officer Michael Stern asked Caldwell his name and date of birth. Caldwell answered falsely that his name was James Lee Caldwell and that his date of birth was April 23, 1952. Caldwell was soon thereafter taken in a squad car to the police department by Officer Stern. Upon arrival, Officer Stern requested a license and warrant check on James Caldwell.

Caldwell was placed under arrest for retail theft, taken to the station's intoxilizer room and photographed. He then volunteered that his name was Eugene Caldwell and that his date of birth was November 22, 1954. At trial, Officer Stern testified that beyond running a driver's license and warrant check on James Lee Caldwell, he did nothing in reliance on Caldwell's initial false statements nor refrained from taking any action based on the statements.

Caldwell first argues that the elements of obstructing an officer were not proved because the officer's performance of his duties were not in fact prevented or made more difficult by the false information. We do not agree that the statute requires such proof.

A statute is ambiguous if reasonable persons could disagree as to its meaning. *Sonnenburg v. Grohskopf,* 144 Wis. 2d 62, 65, 422 N.W.2d 925, 926 (Ct. App. 1988). Whether a statute is ambiguous is a question of law. *Id.*

Section 946.41(1), Stats., states that "[w]hoever knowingly resists or obstructs an officer while such officer is doing any act in an official capacity and with lawful authority, is guilty of a Class A misdemeanor."

"Obstruct" is not defined by statute or case law. Our supreme court has noted that "obstruct" is an element of the crime which the state must prove beyond a reasonable doubt. *State v. Hamilton,* 120 Wis. 2d 532, 543, 356 N.W.2d 169, 175 (1984). However, the *Hamilton* court did not determine what "obstruct" may mean. Instead, it assumed *arguendo* that the state's definition was correct. *Id.* at 543, 356 N.W.2d at 175. That definition, derived from Wis J I—Criminal 1765, is "to hinder, delay, impede, frustrate or prevent" an officer from performing his or her duties. *Id.* at 537, 356 N.W.2d at 172.

As in *Hamilton,* the precise definition of "obstruct" need not be determined for purposes of resolving the issue at hand. This is because sec. 946.41(2), Stats., embodies a legislative determination that "knowingly giving false information to the officer with intent to mislead him in the performance of his duty" constitutes an "obstruction" as a matter of Wisconsin law.

Section 946.41(2)(a), Stats., states in pertinent part that " '[o]bstructs' includes without limitation knowingly giving false information to the officer with intent to mislead him in the performance of his duty." While the term "include" has troubled courts, the Wisconsin Supreme Court has determined that it is usually a term of enlargement. *Milwaukee Gas Light Co. v. Department of Taxation,* 23 Wis. 2d 195, 203–04, 127 N.W.2d 64, 68 (1964). The term "including" connotes simply an illustrative application of the general principle. *Id.* at 203, 127 N.W.2d at 68. The statute thus states without ambiguity that an example of "obstruction"—whether

obstruction is deceit, prevention, hampering or stoppage—is the knowing recital of false information to an officer with the intent to mislead him in the performance of his duty.

For purposes of this issue, the statute is unambiguous. A statute can be ambiguous in some contexts and not in others. *Sauer v. Reliance Ins. Co.*, 152 Wis. 2d 234, 241, 448 N.W.2d 256, 259 (Ct. App. 1989). Under the facts of this case, the evidence offered was sufficient to support the jury finding that Caldwell obstructed an officer within the meaning of sec. 946.41(2)(a), Stats., whatever the precise boundaries of the term "obstruct" may be. *See Peters v. State*, 70 Wis. 2d 22, 29, 233 N.W.2d 420, 424 (1975) (stating that "the statute permits conviction for obstruction of an officer under circumstances where *efforts* to intentionally mislead an officer may be involved" (emphasis added).

Caldwell argues, however, that even if the statute does not require actual frustration of an officer in his duty, the jury in this case was instructed that it had to find such frustration before it could convict. We agree, but we conclude that the evidence was sufficient to establish that the false information made more difficult Officer Stern's performance of his duty.

To convict a defendant of obstructing an officer, a jury must find that the state proved three elements beyond a reasonable doubt: (1) the defendant obstructed an officer; (2) the officer was doing an act in his or her official capacity and with lawful authority; and (3) the defendant obstructed the officer knowingly, that is, the defendant knew or believed that he or she was obstructing the officer while the officer was acting in his

689

or her official capacity and with lawful authority. *Hamilton,* 120 Wis. 2d at 541, 356 N.W.2d at 174.

The first element was defined for the Caldwell jury as follows:

> The first element of this offense requires that the Defendant obstructed an officer, a police officer is an officer. To obstruct an officer means that the conduct of the Defendant prevents or makes more difficult the performance of the officer's duties. Refusal to answer an officer's questions by itself is not obstructing an officer. The term obstruct also includes knowingly giving false information to the officer with intent to mislead in the performance of his duty.

We have already noted that the term "including" "connotes simply an illustrative application of the general principle." *Milwaukee Gas Light Co.,* 23 Wis. 2d at 203, 127 N.W.2d at 68. Thus, the judge correctly instructed that one way of "obstructing" is knowingly to give false information to an officer with intent to mislead in the performance of his duty. This legislative determination was properly before the jury.

However, the judge instructed the jury that obstruct "also" includes another aspect. The ordinary meaning of the word "also" may be derived from a recognized dictionary. *See. State v. Demars,* 119 Wis. 2d 19, 23, 349 N.W.2d 708, 710 (Ct. App. 1984). The primary meaning of "also" given by *Webster's Third International Dictionary* 62 (1976) is "in the same manner as something else: likewise." The jury was thus told that "obstruct" had two discreet meanings: making more difficult; likewise, illustrated by knowingly giving false information with intent to mislead. Under the first meaning, the effect of Caldwell's conduct on Officer Stern was rele-

vant; under the second, it was not.[1]

We must therefore determine whether the evidence was sufficient to convict beyond a reasonable doubt upon both alternative modes of proof. *State v. Crowley,* 143 Wis. 2d 324, 329, 422 N.W.2d 847, 849 (1988). Since Caldwell does not dispute the sufficiency of the evidence under the latter theory, we address only the former.

We resolve sufficiency of the evidence questions by looking at the proof in the light most favorable to the verdict. *State v. Burkman,* 96 Wis. 2d 630, 643, 292 N.W.2d 641, 647 (1980). If the jury could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, we will not overturn a verdict even if we believe that a jury should not have found guilt based on the evidence before it. *State v. Alles,* 106 Wis. 2d 368, 377, 316 N.W.2d 378, 382 (1982).

The evidence established that Caldwell gave Officer Stern false information while Stern was investigating a retail theft. In reliance upon that information, Officer Stern requested that the false name and birth date be used in a record check. The lie actually hindered the officer in his attempt to identify a suspect in the reported theft. Identifying suspects is part of an officer's duty in an ongoing investigation. A jury could find that this hindrance and delay in identifying the suspect had the result of making more difficult the officer's duty because Officer Stern was required to take a step—requesting a check on false information—that he

---

[1] We have already noted the lack of a Wisconsin definition for the term "obstruct." However, neither party disputed the first definition given by the court in its instructions and any argument that that definition was improper is waived. *See State v. Schumacher,* 144 Wis. 2d 388, 409, 424 N.W.2d 672, 680 (1988).

would not otherwise have had to take. *Accord State v. Latimer,* 687 P.2d 648, 653 (Kan. Ct. App. 1984) (holding that a suspect carrying no identification who falsely identifies himself to an officer impedes an ongoing investigation and hinders the investigating officer in carrying out his duties).

Under both theories of obstruction, then, the evidence was sufficient for the jury to convict.

Our resolution of the previous issue resolves the next. Caldwell argues that because the jury was given two theories of obstruction, he was deprived of a unanimous jury verdict. Where the jury may have arrived at its verdict by one of two modes of proof, constitutional due process requires that the evidence be sufficient under both or the verdict must be set aside. *Crowley,* 143 Wis. 2d at 334–35 422 N.W.2d at 851–52. Here, the evidence was sufficient under both theories of culpability: the false information was shown to have made Officer Stern's performance of duty more difficult; and Caldwell was shown to have given false information with intent to mislead Stern in the performance of his duties. Therefore, Caldwell was deprived of no constitutional rights by the jury instructions given.

Caldwell next argues that he was denied due process and statutory protections when the court sentenced him as a repeater because no repeater allegations were contained in the information. We reject his argument because, pursuant to sec. 973.12(1), Stats., a defendant may be sentenced as a repeater if the repeater allegation is contained in the information *or* complaint.[2] Here, the

---

[2]Section 973.12(1), Stats., states in part:

Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at

complaint contained the repeater allegation.

When repeater allegations are contained in the complaint, a defendant is given notice sufficient to satisfy due process considerations. *State v. Trammel,* 141 Wis. 2d 74, 80, 413 N.W.2d 657, 659 (Ct. App. 1987). As to statutory protections, this court has previously held that sec. 973.12(1), Stats., permits a repeater allegation to be made only in the complaint. *Trammel,* 141 Wis. 2d at 80, 413 N.W.2d at 659. *Trammel* thus controls these issues. Caldwell urges us not to follow *Trammel,* but decisions of this court have statewide precedential effect. Sec. 752.41(2), Stats.

Finally, Caldwell complains that his status as a repeater was not adequately proved. We hold, however, that the state proved repeater status by virtue of Caldwell's presentence report. *See State v. Farr,* 119 Wis. 2d 651, 658, 350 N.W.2d 640, 644-45 (1984).

The *Farr* court did not directly rule on whether a presentence report may satisfy sec. 973.12(1), Stats. *Farr,* 119 Wis. 2d at 657, 350 N.W.2d at 644. However, the *Farr* court set out what must be included in a probation department report so as to render it prima facie evidence of a conviction for purposes of sec. 973.12:

any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62 unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater. An official report of the F.B.I. or any other governmental agency of the United States or of this or any other state shall be prima facie evidence of any conviction or sentence therein reported.

In gathering information for the report the department should check the court files, if locally located, and in the report should include a brief synopsis of the prior conviction relied on in the information for repeater status. The report can reflect the date of commission of the previous offense but what is critical is the date of conviction of the prior offense. To be an official report under sec. 973.12(1), Stats., on which reliance may be placed, the report must contain relevant information regarding the issue of repeater status and must specifically include the date of conviction for the previous offense. The statute refers to an official report of the F.B.I. or any other governmental agency of the United States or of any state; however, such official report must contain critically relevant facts to be acceptable for applying the repeater statute.

*Farr,* 119 Wis. 2d at 658, 350 N.W.2d at 644-45. Further, *Farr* suggests that use of the presentence report as an official governmental report under sec. 973.12(1) should be an objective in its preparation. *Farr,* 119 Wis. 2d at 657, 350 N.W.2d at 644.

The presentence report in this case satisfies the requirements of *Farr* and the statute. The repeater allegation was expressly contemplated by the investigating probation and parole agent. The date of the relevant prior conviction is included in the report: April 15, 1985. And, contrary to Caldwell's contention, the report contains numerous indications that the agent independently verified the prior conviction from sources other than the complaint.

First, the conviction date recited by the agent is different from that recited in the complaint. Second, the penalty imposed in that case is recited, but is not contained in the complaint. Third, the specific crime is set forth in the report but not in the complaint. Fourth, the

facts underlying the crime are set forth in the report and not the complaint. And fifth, the agent sets forth a summary of a discussion with Caldwell's most recent department supervisor. We think it abundantly clear that the report satisfies the requirements of *Farr* and constituted prima facie proof of Caldwell's repeater status.

Caldwell could, of course, have challenged the pertinent facts in the report. He did not do so. The court was therefore free to rely on the report and sentence Caldwell as a repeater.

*By the Court.*—Judgment affirmed.