STATE of Wisconsin, Plaintiff-Respondent,

v.

Brent R. REED, Defendant-Appellant.†

Court of Appeals

*No. 03–1781–CR. Submitted on briefs February 11, 2004.—
Decided April 22, 2004.*

2004 WI App 98

(Also reported in 681 N.W.2d 568.)

† Petition to review granted 8-2-04.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David H. Weber* of *Liebmann, Conway, Olejniczak & Jerry, S.C.*, Green Bay.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *David J. Becker*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Deininger, P.J., Dykman and Higginbotham, JJ.

¶ 1. DYKMAN, J.   Brent R. Reed appeals from a non-final order denying his motion to dismiss an obstructing an officer charge. This interlocutory appeal was to be heard by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2001–02).[1] The chief judge ordered that this appeal should be considered by a panel of three judges. *See* Wis. Stat. § 752.31(3). We granted leave to appeal to clarify the exculpatory denial exception to Wis. Stat. § 946.41 set forth in *State v. Espinoza*, 2002

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

WI App 51, 250 Wis. 2d 804, 641 N.W.2d 484, *review denied,* 2002 WI 48, 252 Wis. 2d 151, 644 N.W.2d 687 (Wis. Apr. 22, 2002) (No. 01–1473–CR). We conclude that identifying other people as possible suspects goes beyond the exculpatory denial exception to § 946.41 and affirm.

### FACTS

¶ 2. The parties do not dispute the material facts. Late on a Saturday night in March 2003, a highway patrol officer passed a car parked alongside the highway and saw a person sitting in the driver's seat. Turning back to investigate, the officer found the person, Reed, now sitting in the passenger's seat. The officer observed that Reed's eyes were glassy and bloodshot and that his speech was slurred. Reed immediately told the officer that he had not been driving the car because he was drunk. He claimed that a Mr. Triller had pulled the car over to the side of the road due to an argument and walked away. Reed claimed that Mr. Triller had left about ten minutes ago.

¶ 3. The officer asked Reed to perform sobriety tests. He refused to do so because he claimed he had not been driving. The officer arrested him; another officer searched for Mr. Triller and was unable to find him. Mr. Triller later told the police that he was not with Reed that night. Reed was charged with obstructing an officer and operating a vehicle while under the influence of an intoxicant and with a prohibited alcohol concentration, third offense. He moved to dismiss the obstruction charge. The trial court denied the motion. Reed appeals.

## DISCUSSION

¶ 4.   Reed contends that the complaint contains insufficient evidence to support the obstruction charge under WIS. STAT. § 946.41. Whether a criminal complaint states probable cause for a criminal charge is a question of law, which we review de novo. *State v. Espinoza*, 250 Wis. 2d 804, ¶ 9, 641 N.W.2d 484.

¶ 5.   Reed only challenges whether the complaint adequately sets forth the reason for his obstruction charge. He asserts that since he intended only to deny allegations rather than mislead the officer, his conduct did not constitute the crime of obstructing an officer under *Espinoza*.

¶ 6.   For Reed's conduct to constitute obstructing an officer, the complaint must allege:  "(1) that the accused knowingly gave false information to an officer; (2) that the officer was acting in an official capacity; (3) that the officer was doing an act with lawful authority; and (4) that the defendant intended to mislead the officer in the performance of his or her duty." *Espinoza*, 250 Wis. 2d 80, ¶ 10 (citing WIS. STAT. § 946.41; WIS JI—CRIMINAL 1766A).

¶ 7.   In *Espinoza*, we held that a person's denial of guilt when confronted by a police officer about an alleged crime cannot be a basis for an obstructing-an-officer charge. *Id.* The police officer in *Espinoza* accused the defendant of attempting to steal a tire from a car. *Id.*, ¶ 6. The defendant denied the accusation, threatened to sue the officers who had confronted him, and told them "they had the wrong guy." *Id.*, ¶¶ 5–7. The State charged him with attempted theft based on other evidence gathered and with obstructing an officer for denying guilt. *Id.*, ¶ 7.

664

¶ 8.   We affirmed the trial court's dismissal of the obstructing charge, relying in part on *Peters v. State*, 70 Wis. 2d 22, 29, 233 N.W.2d 420 (1975). *Id.*, ¶ 21. We rejected a bright-line approach because a person's denial of involvement in a crime does not necessarily establish probable cause for obstructing an officer. *Id.* We reasoned that such a broad, sweeping contention is contrary to the admonition in *Peters* that "the district attorney should have sound reasons for believing that statements made by a suspected defendant to the police were knowingly and intentionally made for the purpose of deceiving and misleading the police, *and not simply out of a good faith desire to defend against an accusation of crime.*" *Id.* (paraphrasing *Peters*, 70 Wis. 2d at 29).

¶ 9.   We did not discuss in *Espinoza* what statements beyond "I didn't do it" constitute an exculpatory, good-faith denial, as opposed to those intending to deceive and mislead the police. In *Espinoza*, the trial court did not find the defendant's claim that "they had the wrong guy" to be false information, nor did it find that the defendant provided a false alibi to the police. *Espinoza*, 250 Wis. 2d 804, ¶ 20. Espinoza merely denied his involvement in the wrongdoing when confronted by the police. He did not provide the inquiring officer with information that obstructed the investigation, such as lying about his alibi or falsely identifying a particular person as the offender. The police thus could not claim that his statement frustrated or thwarted the police function or forced police officers to run down false leads. *Id.*, ¶ 22.

¶ 10.   Here, the criminal complaint adequately sets forth the reason for Reed's obstruction charge. Like the defendant in *Espinoza*, Reed was a clear target of

665

the investigation when he told the officer that he had not been driving, and a truthful answer would have implicated him. Had he merely denied driving while intoxicated, *Espinoza* would protect him from an obstruction conviction. However, Reed made more than a mere denial of his personal involvement in the crime. Rather, he provided the officer with false information relating to the crime, thus frustrating the police function contrary to WIS. STAT. § 941.61; *Espinoza*, 250 Wis. 2d 840, ¶ 20. As a result of the false information, the police officers unnecessarily searched the area for Mr. Triller and questioned him about Reed's alibi later that night.

¶ 11.   Reed contends that since the police initiated an investigation based on his false information only after the arrest, he did not obstruct the officers from performing their duty. This distinction is immaterial. Knowingly giving false information to mislead an officer is obstruction as a matter of law; and proof of actually obstructing an officer is unnecessary. *State v. Caldwell*, 154 Wis. 2d 683, 686, 454 N.W.2d 13 (Ct. App. 1990). The State sufficiently alleged that Reed knowingly and intentionally made a false statement to the officer in order to deceive and mislead the police. His implication of Mr. Triller went beyond "a good faith desire to defend against an accusation." *Espinoza*, 250 Wis. 2d 804, ¶ 21.

*By the Court.*—Order affirmed.