STATE of Wisconsin, Plaintiff-Respondent,

v.

Ronnie TRAMMEL, Defendant-Appellant.†

Court of Appeals

*No. 87–0021–CR. Submitted on briefs July 29, 1987.—Decided August 19, 1987.*
(Also reported in 413 N.W.2d 657.)

† Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Louis B. Butler, Jr.,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *John J. Glinski,* assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J.   The issue in this case is whether Ronnie Trammel was properly sentenced as a repeater following a jury trial when the complaint, but not the information, alleged his repeater status. We conclude the circuit court properly granted the state's motion to sentence Trammel as a repeater. Therefore, we affirm the original and amended judgments.[1]

The criminal complaint charged Trammel as a party to the crime of attempted retail theft pursuant to secs. 939.32, 939.05, and 943.50(1m), Stats. The complaint also alleged that Trammel had previously been convicted of a felony within the past five years and that Trammel was, accordingly, a habitual criminal pursuant to sec. 939.62(2), Stats. The complaint therefore requested that Trammel be sentenced pursuant to the penalty enhancer provisions of sec. 939.62(1)(b).

Following preliminary hearing, Trammel was bound over for trial upon an information which alleged the same offense as that charged in the complaint. The information, however, did not allege Trammel's repeater status and did not recite any potential enhanced penalty which Trammel would face as the result of his repeater status.[2]

---

[1]Judge Harry G. Snyder presided over all the formal proceedings, entered the original judgment and made the ruling which forms the basis for Trammel's appeal in this case. Judge Mark Gempeler entered the amended judgment which corrected some technical errors in the original judgment.

[2]Both the criminal complaint and information also charged Jeffery Scott Bowlin with the same offense. While the complaint charged Trammel as a repeater, it did not charge Bowlin as a

Following the receipt of the jury verdict, the trial court noted the absence of the repeater language in the information. The state responded with a motion to sentence Trammel as a repeater. The trial court granted the motion over Trammel's objection. Trammel received a sentence of five years plus three years as a penalty enhancer based upon his repeater status.[3]

Trammel challenges the sentencing procedures used in this case on due process grounds, specifically contending that he was not properly notified of the charge against him. The application of constitutional principles to the facts of a case is subject to independent appellate review. *State ex rel. McMillian v. Dickey*, 132 Wis. 2d 266, 280, 392 N.W.2d 453, 458 (Ct. App. 1986). Moreover, when the facts of a case are undisputed (such as here), the question presented upon appeal is one of law. *Id.* at 277, 392 N.W.2d at 456. Such questions are reviewed *de novo. State v.*

---

repeater. While the information charged Bowlin as a repeater, it did not charge Trammel as a repeater. Trammel contends that the form of the information represents a considered decision by the district attorney to charge Bowlin, and not Trammel, as a repeater. The state contends the failure to charge Trammel as a repeater in the information was a computer mistake. As our opinion herein reveals, the reason for the absent repeater language in the information as to Trammel is not dispositive of the issue.

[3]Section 973.12(2), Stats., provides:

> In every case of sentence under s. 939.62, the sentence shall be imposed for the present conviction, but if the court indicates in passing sentence how much thereof is imposed because the defendant is a repeater, it shall not constitute reversible error, but the combined terms shall be construed as a single sentence for the present conviction.

*Schantek,* 120 Wis. 2d 79, 82, 353 N.W.2d 832, 834 (Ct. App. 1984).

Section 973.12(1), Stats., provides, in part:

> Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged *in the complaint, indictment or information* or amendments so alleging at any time before *or* at arraignment, and before acceptance of any plea. [Emphasis added.]

We must first put to rest a fundamental misconception on the part of Trammel which holds that the trial court permitted the state to amend the information. The state's motion was not to amend the information; it was to sentence Trammel as a repeater. The court's ruling was not to amend the information; it was to grant the motion to sentence Trammel as a repeater.

Moving to the merits of the issue, Trammel persists in a line of argument which contends that repeater status constitutes an element of the crime charged. It is not. *See State v. Harris,* 119 Wis. 2d 612, 618, 350 N.W.2d 633, 636 (1984). Rather, it is a status which may enhance the punishment for the crime of which the person is convicted—the substantive offense. *Id.* A repeater allegation is not, and cannot, be an element of the underlying substantive crime.

The form of an information in Wisconsin is governed generally by sec. 971.03, Stats.[4] This statute

[4]Section 971.03, Stats., provides:

**Form of information.**

requires only a statement as to the crime charged. It does not require a statement as to penalty or penalty enhancer. The only pleading in a criminal case which must advise of the possible penalties for the charged offense is the complaint. *See* sec. 970.02(1)(a), Stats. Section 971.05, Stats., governing proceedings at the arraignment requires that the district attorney provide a copy of the information to the defendant and read it to the defendant.[5] Here again, a statement advising of the possible penalty, whether it be for the charged offense or for any possible penalty enhancer, is not required at a felony arraignment.[6]

---

The information may be in the following form:

STATE OF WISCONSIN,

—— County,

In —— Court.

The State of Wisconsin

vs.

—— (Name of defendant).

I, —— district attorney for said county, hereby inform the court that on the — day of ——, in the year 19—, at said county, the defendant did (state the crime) —— contrary to section —— — of the statutes.

Dated ——, 19—,
—— District Attorney

[5]Section 971.05, Stats., provides, in part:

**Arraignment.** The arraignment shall be in the trial court and shall be conducted in the following manner:

. . . .

(3) The district attorney shall deliver to the defendant a copy of the information in felony cases and in all cases shall read the information or complaint to the defendant unless the defendant waives such reading. Thereupon, the court shall ask for the defendant's plea.

[6]If the defendant intends to plead guilty or no contest at the arraignment, the court must, among other things, advise the defendant of the potential punishment if convicted. *See* sec. 971.08(1)(a), Stats. Failure to advise of possible penalty enhancer by virtue of a repeater allegation would be the basis for withdraw-

■

Minimum due process requires notice of a claim. *See State v. Mahone,* 127 Wis. 2d 364, 371, 379 N.W.2d 878, 882 (Ct. App. 1985). As we have already noted, sec. 973.12(1), Stats., permits a repeater allegation to be made in the criminal complaint. Since the complaint in this case provided such notice, Trammel's due process rights were fully protected.[7]

*By the Court.*—Judgment and amended judgment affirmed.

---

al of the plea. Here, Trammel did not plead guilty or no contest; he pled not guilty and went to trial.

[7]Trammel contends that the failure to allege the repeater allegation in the information deprived him of a meaningful ability to plea bargain in this case. Since we have concluded that the repeater allegations of the complaint met statutory and constitutional requirements, Trammel's right to meaningful plea bargaining was not affected.