STATE of Wisconsin, Plaintiff-Respondent-Cross Petitioner,

v.

Ronald J. GERARD, Defendant-Appellant.

Supreme Court

*No. 93–1010–CR. Oral argument October 12, 1994.—Decided January 18, 1995.*

(Also reported in 525 N.W.2d 718.)

505

506

For the plaintiff-respondent-cross petitioner the cause was argued by *Stephen W. Kleinmaier,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

For the defendant-appellant there was a brief by *William J. Chandek,* Brookfield and oral argument by *William J. Chandek.*

HEFFERNAN, CHIEF JUSTICE.   This review of a published decision of the court of appeals,[1] raises a single issue: whether a criminal information which asserts a repeater allegation under sec. 973.12(1), Stats.,[2] can be amended, after the defendant has

---

[1] *State v. Gerard,* 180 Wis. 2d 327, 509 N.W.2d 112 (Ct.App. 1993).

[2] Section 973.12(1), Stats., provides in relevant part:

**973.12  Sentence of a repeater. (1)**  Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if

pleaded to the charges, to correct the number of years by which the sentence would be enhanced. The circuit court denied Gerard's request to strike the incorrect penalty enhancement[3] allegation and granted the state's request to amend. The court of appeals reversed that portion of the judgment which imposed an enhanced sentence on the obstructing charge, holding that *State v. Martin / State v. Robles,* 162 Wis. 2d 883, 470 N.W.2d 900 (1991), precluded such amendment. We reverse that portion of the court of appeals' decision ordering the circuit court to enter an amended judgment imposing the maximum sentence on count two

convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62 unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater.

[3] The statutory authority for a general penalty enhancement is sec. 939.62(1) (a), (b) or (c), Stats. This section provides:

**Increased penalty for habitual criminality.** (1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42 or a failure to report under s. 946.425) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

(a) A maximum term of one year or less may be increased to not more than 3 years;

(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

(c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

without any enhanced penalty. On remand, we direct the trial court to enter judgment in accordance with this decision.

For the purposes of this review, we focus only on the information because Gerard concedes that the defect in the complaint could have been, but was not, corrected by the information and that it was the error in the information which made him unable to know the extent of his punishment at the time he pleaded to the charges. We hold that an information may be amended post-plea to correct a clerical error in the sentence portion of the penalty enhancement when such amendment does not prejudice the defendant, and we further conclude that permitting this amendment is not inconsistent with *Martin / Robles, supra.*

The procedural history of this case is not in dispute. The state filed a complaint on May 14, 1991, and an information on May 21, 1991. These documents were in substance identical. The first count of the complaint and the information charged the defendant with operating a vehicle without the owner's consent, in violation of sec. 943.23, Stats. A penalty enhancer, added to count one and included in the information pursuant to sec. 939.62(1)(b), correctly stated that Gerard was subject to an additional six years in prison.

The second count of the complaint and the information charged the defendant with obstructing an officer in violation of sec. 946.41(1), Stats. The penalty enhancer added to this count, and included in the information, incorrectly stated that Gerard was subject to six additional years in prison if convicted on count two. Because the obstruction charge carried with it a maximum penalty of nine months, the correct penalty

enhancement under sec. 939.62(1)(a) was three years in prison.

At arraignment, Gerard entered a plea of not guilty to each count in the information. At some point during the nine days following his arraignment, Gerard discovered the error in count two and filed a motion to dismiss the defective complaint.[4] At the subsequent hearing Gerard asked the court to strike the repeater allegation relating to count two of the complaint, citing sec. 973.12(1), Stats., which requires "any prior convictions" to be alleged before acceptance of any plea. The state, conceding that an error had been made, requested permission to amend the information on the grounds that the incorrect recital of the penalty enhancement was due to a scrivener's error.

Waukesha County Circuit Judge James R. Kieffer, granted the state's request to amend the information and denied the motion to dismiss the defective portion of the complaint. Nine months later, Gerard was tried and convicted by a jury on both counts. Thereafter, he appealed the judgment of conviction alleging various trial court errors. The court of appeals affirmed the convictions but, based on its interpretation of the *Martin/Robles* decision, ordered excision of the repeater amendment on count two and that part of defendant's sentence affected by the repeater enhancement on the grounds that the information was not amended prior to pleading.

In the instant case, Gerard argues that the language directing the state to allege "any prior

---

[4] Defendant's motion to dismiss the defective complaint was based solely on the defect in the increased penalty portion of the repeater allegation associated with count two.

Ultimately, the circuit court granted the state's request to amend the information—no change was made to the complaint.

convictions" in sec. 973.12(1), Stats., must be construed in light of a statement by this court in *Martin / Robles:* "the defendant's plea will be more meaningful if he or she is aware of the extent of potential punishment which ensues from a conviction of the crime." *Id.* at 902. Gerard argues that the error in stating the penalty enhancement failed to inform him of the extent of his punishment when he pleaded to the charges. Therefore, according to *Martin / Robles,* Gerard contends that the post-plea motion to amend should have been denied because it meaningfully changed the basis upon which he pleaded to the charges and, hence, was not permitted.

The state argues that Gerard reads sec. 973.12(1), Stats., too broadly, and that the language directing the state to allege "any prior convictions" is satisfied when any of the charging documents correctly alleges the underlying prior conviction which forms the basis for the penalty enhancement. The state also claims that, because sec. 971.03[5] does not require the information

---

[5] Section 971.03, **Form of information,** provides:

The information may be in the following form:

STATE OF WISCONSIN,

. . . . County,

In . . . . Court.

The State of Wisconsin
  vs.

. . . . (Name of defendant).

I, . . . . district attorney for said county, hereby inform the court that on the . . . . day of . . . ., in the year 19. ., at said county the defendant did (state the crime) . . . . contrary to section . . . . of the statutes.
  Dated . . . ., 19. .,

. . . .District Attorney

to include the sentence portion of the penalty enhancement, the amendment is not inappropriate.

The parties do not dispute that the defendant's prior convictions made him a repeater as defined in sec. 939.62(2), Stats., and, further, that the complaint and the information correctly alleged defendant's repeater status. The only question raised by Gerard is whether an error in stating the penalty enhancement in the information nullifies the correct notice otherwise provided to him by that document.

We conclude that the mistake in reporting the sentence for the penalty enhancement is a "clerical error" and that it did not affect the sufficiency of the notice given to the defendant.[6]

---

[6] In *State v. Trammel,* 141 Wis. 2d 74, 413 N.W.2d 657 (Ct. App. 1987), the state correctly charged the defendant, Trammel, in the complaint but not in the information, as a repeater and requested that he be sentenced pursuant to the penalty enhancer provisions of sec. 939.62(1)(b), Stats. Following a jury trial, Trammel was found guilty and the court granted, over defendant's objection, the state's motion to sentence him as a repeater.

On appeal, the court of appeals held that the minimum requirements of due process are satisfied when the criminal complaint correctly charges the defendant as a repeater because, "[t]he only pleading in a criminal case which must advise of the possible penalties for the charged offense is the complaint." *Id.* at 79. In so holding, the court relied on sec. 970.02(1)(a), Stats., which provides:

> (1)   At the initial appearance the judge shall inform the defendant: (a)   Of the charge against him and shall furnish the defendant with a copy of the complaint which shall contain the possible penalties for the offense set forth therein. In the case of a felony, the judge shall also inform the defendant of the penalties for the felony with which the defendant is charged.

The construction of a statute and its application to a set of facts is a question of law, requiring this court's review *de novo. City of Muskego v. Godec,* 167 Wis.2d 536, 545, 482 N.W.2d 79 (1992).

In *Martin/Robles,* this court considered whether, pursuant to sec. 973.12(1), Stats., the information could be amended to assert a repeater allegation after a defendant has pleaded to the charges. In that case, we stated that, "the legislature has established the time of

In a footnote, the *Trammel* court correctly suggested that if the defendant pleaded "guilty" or "no contest" to the charges, then the state's failure to advise the defendant of his or her repeater status at the time of the felony arraignment would be grounds to permit the defendant to withdraw the plea. *Id.* at 79–80 n.6.

Following *Trammel,* we decided *Martin/Robles, supra.* In that case, neither the complaint nor the information alleged defendants' repeater status. After arraignment, the state moved to amend the informations to include repeater allegations. We held that according to sec. 973.12(1), Stats., the information could not be amended to include a repeater allegation once the defendant entered his plea.

Because the defendant pleads to the information, that is the document which will ordinarily include the repeater allegation. However, inasmuch as sec. 973.12(1), Stats., permits the state to allege defendant's repeater status in *either* the complaint, indictment *or* information, concerns for defendant's due process do not focus upon which charging document includes the repeater allegation but, rather, on when the allegation is made. Due process requires the defendant to be informed of his or her repeater status before pleading to the charges. Moreover, sec. 973.12(1) allows the court, upon motion of the district attorney, to grant a reasonable time to investigate defendant's possible prior convictions before accepting a plea. This provision makes clear that the state need not allege defendant's repeater status in the complaint.

arraignment and of *any* plea acceptance as the cut-off point after which time a defendant can no longer face exposure to repeater enhancement for the crime set forth in the charging document and pleaded to by the defendant at arraignment." *Id.* at 900 (emphasis in the original).

Our concern in *Martin/Robles,* that the defendant must have knowledge of the extent of his punishment before pleading to the charges, is satisfied here because the complaint and the information each alleged a repeater status, in accordance with sec. 973.12(1), Stats., giving Gerard notice of that status at the time he pleaded. There is no statutory requirement that the sentence portion of the penalty enhancement be included in the information.

According to sec. 971.03, Stats., the information need only provide a statement of the crime charged; it does not require a statement as to penalty or penalty enhancer. And, according to sec. 973.12(1), as we stated in *Martin/Robles,* if the state intends to include a penalty enhancement it must allege "any prior convictions" at or before the time the defendant pleads to the charges. These statutes affirmatively require the state to allege the crime charged and, in cases where a penalty enhancement is sought, the underlying prior conviction. The offense and the prior conviction must be alleged before the defendant pleads to the charges but neither statutory law nor case law requires the state to allege the sentence portion of the penalty enhancement in the information. Accordingly, we view the recital of the penalty enhancement as nonessential to the information, and we conclude that an error, in respect to the penalty, may be corrected when amend-

ment will cause no prejudice to the defendant. *See* secs. 971.26 and 971.29, Stats.[7]

A defendant's repeater status is dependent only upon satisfying the statutory definition provided in sec. 939.62(2), Stats. This sections provides in part:

> The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed.

Once a defendant satisfies this status and is again convicted of an offense for which imprisonment may be imposed, then the maximum term of imprisonment prescribed for the present crime may be increased pursuant to secs. 939.62(1)(a)–(c). In such a circumstance, the information will identify the repeater offense, the

---

[7] Section 971.26, Stats., **Formal defects** provides:

No indictment, information, complaint or warrant shall be invalid, nor shall the trial, judgment or other proceedings be affected by reason of any defect or imperfection in matters of form which do not prejudice the defendant.

Section 971.29, **Amending the charge** provides:

(1)  A complaint or information may be amended at any time prior to arraignment without leave of the court.

(2)  At the trial, the court may allow amendment of the complaint, indictment or information to conform to the proof where such amendment is not prejudicial to the defendant. After verdict the pleading shall be deemed amended to conform to the proof if no objection to the relevance of the evidence was timely raised upon the trial.

(3)  Upon allowing an amendment to the complaint or indictment or information, the court may direct other amendments thereby rendered necessary and may proceed with or postpone the trial.

date of conviction for that offense, and the nature of the offense—whether for a felony or misdemeanor conviction.[8] The totality of information provided in the information will allow a defendant to determine the length of the enhanced penalty to which he is exposed.

Therefore, we only need consider the effect of an error in misstating the sentence portion of the penalty enhancement in the information—whether this error prejudiced Gerard's ability to assess meaningfully the extent of the punishment at the time he pleaded to the charges.

Gerard alleges that he was prejudiced because he entered his plea in response to an information which correctly alleged his repeater status, but misstated the sentence portion of the penalty enhancement. We disagree and reject Gerard's argument because we

---

[8] In this instance, the original information provided in part:

And further advising the Court that the above-alleged offense is defined as a Class A misdemeanor; upon conviction of the above-alleged offense, the above named defendant is subject to a fine of not more than $10,000 or imprisonment of not more than nine (9) months, or both.

And further advising the Court that the said Ronald Joseph Gerard has been previously convicted within the past five (5) years of the following crime[s]: Second Degree Murder, contrary to Section 940.05(1), Wisconsin Statutes, and was so convicted of the above crime on May 7, 1981, with a mandatory release date of July 26, 1988 and on January 3, 1990, he was returned to Dodge Correctional Institution. Said conviction remain[s] of record and unreversed; therefore, the said defendant Ronald Joseph Gerard constitutes a habitual criminal pursuant to Section 939.62(2), Wisconsin Statutes, and pursuant to Section 939.62(1)(b), Wisconsin Statutes, the defendant is subject to an additional 6 years imprisonment as a result of his previous felony convictions above stated.

The distinction between a felony and a misdemeanor is important because under subsecs. (b) and (c) of sec. 939.62(1), the penalty enhancement for misdemeanor convictions limits the additional—increased—sentence to 2 years.

conclude that the court of appeals erred when it applied *Martin / Robles* to disregard consideration of prejudice to Gerard.

In *Martin / Robles* prejudice was not an issue because we held that, in adopting sec. 973.12(1), Stats., the legislature had established the time of arraignment and acceptance of defendant's plea as a cut-off point, after which the information could not be amended to include a penalty enhancement. In tying the cut-off point to a particular event—the arraignment—prejudice became an irrelevant consideration. Timing is not an issue here.

In the instant case, we agree with the circuit court's decision to permit post-plea amendment to correct a clerical error in the information. This result cannot be reached, however, without also considering whether the defendant is prejudiced by the amendment.[9] Gerard maintains that he was prejudiced by not knowing, at the time of his arraignment, that he was subject to three, rather than six, additional years in prison if convicted on count two. Furthermore, Gerard suggests that he might not have pleaded "not guilty"

---

[9] Prejudice has always been a consideration with regard to amending a charging document. In *State v. Wickstrom,* 118 Wis. 2d 339, 348 N.W.2d 183 (Ct. App. 1984) (citations omitted), the court observed, "the purpose of the charging document is to inform the accused of the acts he allegedly committed and to enable him to understand the offense charged so he can prepare his defense. . . . When an amendment to the charging document does not change the crime charged, and when the alleged offense is the same and results from the same transaction, there is no prejudice to the defendant." *Id.* at 348. Similarly, in *Whitaker v. State,* 83 Wis. 2d 368, 265 N.W.2d 575 (1978), we concluded that, in adopting sec. 971.29, Stats., the legislature intended to permit post-plea amendment of an information "[if] the defendant's rights are not prejudiced." *Id.* at 374.

517

had he known that he was subject to three fewer—additional years—in prison. We conclude that these facts did not prejudice Gerard.

It is particularly evident that Gerard was not prejudiced by the court's permitting the post-plea amendment prior to sentence because he discovered the error in the information and the complaint and brought it to the court's attention almost immediately after arraignment. Then, fully aware of the actual prison sentence he faced if convicted on count two, Gerard failed to ask the court's permission to withdraw his plea; instead, he moved to dismiss the defective complaint and to amend the information.

Furthermore, the transcript of the motion hearing makes clear that Gerard did not assert that he was prejudiced by the court's decision to grant the state's request to amend. The only dispute was the mode of altering the information—to insert a change or to file a wholly new information. The transcript provides:

> THE COURT: The actual amount of potential exposure facing Mr. Gerard on that count, because of the repeater allegation, is a total of three years. I don't believe it's necessary for the State to have to go to the expense of filing an amended Information. Unless there's some objection by either counsel, [the] Court will just merely amend the habitual criminality Count 2 to reflect the defendant is subject to three years imprisonment rather than an additional six years imprisonment; that is by statute. Any problems with that?
>
> MR. WESTPHAL [ADA]: No; I would make that request.
>
> THE COURT: Any problems with that?

MR. KAY [GERARD'S ATTORNEY]: Judge, I think the record would be clearer and the file would be clearer if we did have an amended Information on file reflecting that change. The Information is only a page long, and it would just be merely retyping that portion that was in err[or] I think—

THE COURT: Court will decline that request, Mr. Kay; I've already penned in the change. I don't think that this prejudices Mr. Gerard at all. This is merely by statute as to the amount of time that a defendant faces on a repeater allegation. . . .

*See* Transcript of Proceedings, 5–6 June 28, 1991.

Finally, it is difficult to conceive of how misstating only the sentence portion of the penalty enhancer, discovered at the very earliest stages of the criminal proceedings, a full nine months before the case went to trial, had any prejudicial impact on Gerard's preparation for trial.[10] We conclude Gerard was not prejudiced by the post-plea clerical amendment. Accordingly, we reverse the decision of the court of appeals and remand the cause. On remand, we direct the circuit court to enter judgment in accordance with this decision.

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded with directions.

---

[10] The dates we find significant are as follows: the information was filed on May 21, 1991; the jury trial occurred on March 24 and 25, 1992; and the defendant was initially sentenced on May 21, 1992. Gerard discovered the error in count two of the information within 9 days of his arraignment, sometime between May 28, 1991 and June 6, 1991, at which time he filed a motion to dismiss the defective portion of the complaint.