STATE of Wisconsin, Plaintiff-Respondent,

v.

Carlton B. CAMPBELL, Defendant-Appellant.†

Court of Appeals

*No. 95–2217–CR. Submitted on briefs March 27, 1996.——Decided April 25, 1996.*

(Also reported in 549 N.W.2d 501.)

†Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Morris D. Berman* of *Giesen & Berman, S.C.* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Robert J. Kaiser, Jr.*, Dane County deputy district attorney.

Before Eich, C.J., Dykman and Vergeront, JJ.

VERGERONT, J.  Carlton Campbell appeals from a judgment of conviction for bail jumping as a repeater, in violation of §§ 946.49(1)(a) and 939.62(1)(a), STATS.[1] He contends the trial court erred in permitting the State to amend the information after arraignment to add a fourth misdemeanor to the three already alleged as a predicate for the repeater charge.[2] Campbell claims the amendment violated § 973.12(1), STATS., because it was made after the trial court accepted his plea of not guilty at arraignment. We conclude the amendment did not violate § 973.12(1). We also conclude that Campbell was not prejudiced by the amendment. We therefore affirm.

---

[1] This appeal was assigned to a three-judge panel by order of this court dated March 14, 1996.

[2] Section 939.62(1), STATS., provides for increased penalties upon the conviction of a repeater. Section 939.62(2) defines a repeater as follows:

> The actor is a repeater if the actor was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which the actor presently is being sentenced, or if the actor was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed.

## BACKGROUND

Campbell was charged in Case No. 94-CM-4470 with three counts of misdemeanor bail jumping as a repeat offender. Shortly thereafter he was charged in Case No. 95-CF-7 with one felony—false imprisonment—and three misdemeanors—obstructing an officer, possession of tetrahydrocannabinols (THC), and possession of drug paraphernalia. Each of these four counts contained an allegation that Campbell was a repeater and that he had three previous misdemeanor convictions in Dane County Circuit Court: July 22, 1991 for battery, June 29, 1992 for bail jumping and August 4, 1994 for disorderly conduct.

At the initial appearance on both cases held on January 3, 1995, Campbell stood mute on the misdemeanor charges and the court commissioner entered not guilty pleas on his behalf. After the preliminary hearing on the felony charge, Campbell was bound over for arraignment. The information filed in Case No. 95-CF-7 before the arraignment alleged the same four offenses with the same repeater allegations as those alleged in the complaint. The information also alleged a fifth offense, misdemeanor bail jumping, with the same repeater allegations. At the arraignment held on February 16, 1995, Campbell stood mute and the court entered not guilty pleas to all five charges in the information.[3]

On April 5, 1995, Campbell reached a plea agreement with the State whereby he was to plead no

---

[3] Because the trial court was unable to find a minute sheet indicating that pleas had been accepted in Case No. 94-CM-4470, it conducted an arraignment on that complaint as well. As at the initial appearance, Campbell stood mute and the court entered not guilty pleas to the charges.

contest to one charge of misdemeanor bail jumping as a repeater in Case No. 94-CM-4470, and to one charge of misdemeanor bail jumping as a repeater alleged in an amended information in Case No. 95-CF-7. All other counts were to be dismissed, but read-in for purposes of sentencing. There was no agreement as to sentencing.

In the amended information in Case No. 95-CF-7, filed on April 5, 1995, the State added a fourth misdemeanor to each of the repeater allegations: July 29, 1992 for disorderly conduct.[4] At the plea and sentencing hearing held on the same date, Campbell objected to the amendment because it was made after the pleas had been accepted at the arraignment. However, he did stipulate to the fact of the fourth prior misdemeanor conviction, as well as to the three prior misdemeanor convictions alleged in the original information. Apparently, the impetus for the amendment was that the State realized the August 4, 1994 misdemeanor conviction was being appealed, and wanted to make sure that if that conviction were reversed, there were still three prior unreversed misdemeanor convictions to support the repeater charge. The court permitted the amendment.

After both the defense counsel and the prosecutor assured the trial court that the dispute over the propriety of the amendment did not affect the court's ability to sentence Campbell as a repeater and did not affect the validity of the plea agreement, the court engaged in the required plea colloquy and accepted Campbell's plea of no contest to misdemeanor bail jumping as a repeater in Case No. 95-CF-7, and Campbell's plea of no contest to misdemeanor bail jumping as a repeater in Case No. 94-CM-4470. The

---

[4] The amended information also deleted the felony offense of false imprisonment.

court sentenced Campbell to eighteen months in the Wisconsin State Prison System in Case No. 94-CM-4470 and to thirty months in Case No. 95-CF-7, to run consecutively to each other and to a sentence already imposed in another case.

## DISCUSSION

The propriety of the amendment to the information depends, in the first instance, on an interpretation of § 973.12(1), STATS., which provides in part:

> Whenever a person charged with a crime will be a repeater or a persistent repeater under s. 939.62 if convicted, any applicable prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea.

Since the original information alleged repeater status and the three required prior misdemeanor convictions necessary for repeater status, the narrow question is whether the post-arraignment amendment to add a fourth misdemeanor conviction violates § 973.12(1), STATS. The application of § 973.12(1) to the undisputed facts of this case presents a question of law, which we review de novo. *See Tahtinen v. MSI Ins. Co.,* 122 Wis. 2d 158, 166, 361 N.W.2d 673, 677 (1985).

The supreme court has most recently addressed § 973.12, STATS., in *State v. Gerard,* 189 Wis. 2d 505, 525 N.W.2d 718 (1995). An understanding of *Gerard* requires a discussion of a prior supreme court decision, *State v. Martin,* 162 Wis. 2d 883, 470 N.W.2d 900 (1991).

*Martin* involved two consolidated appeals by separate defendants raising the same issue. The information filed against each defendant did not contain a repeater allegation. After the defendants pleaded not guilty at arraignment, but before trial, the State amended each information to add a repeater allegation. The supreme court held that an examination of the statutory evolution of § 973.12, STATS., "makes clear that the legislature has established the time of arraignment and of *any* plea acceptance [not guilty, guilty, or no contest] as the cut-off point after which time a defendant can no longer face exposure to repeater enhancement for the crime set forth in the charging document and pleaded to by the defendant at arraignment."[5] *Martin*, 162 Wis. 2d at 900, 470 N.W.2d at 907 (emphasis in original; footnote omitted). The State argued that the defendants were not prejudiced by the amendments since they pleaded not guilty and the amendments occurred before trial. The court rejected this argument, concluding that prejudice is an irrelevant consideration under § 973.12(1):

> The legislature has established a rule. Regardless of the kind of plea entered in response to the charges alleged at arraignment, the defendant's plea will be more meaningful if he or she is aware of the extent of potential punishment which ensues from a conviction of the crime.

*Id.* at 902-03, 470 N.W.2d at 908 (footnote omitted).

---

[5] The court in *State v. Martin*, 162 Wis. 2d 883, 470 N.W.2d 900 (1991), noted that "before or at arraignment" and "before acceptance of any plea" are conjunctive requirements and both must be met for repeater status to be timely alleged under § 973.12(1), STATS. *Id.* at 905, 470 N.W.2d at 909.

In *Gerard*, the complaint and information both alleged a penalty enhancer based on repeater status for each of two counts. However, both documents incorrectly stated the enhanced penalty for one of the two counts.[6] At arraignment, Gerard entered a plea of not guilty to each count in the information. Within nine days of Gerard's arraignment and nine months before trial, the trial court permitted the State to amend the information to correct the error and denied Gerard's motion to dismiss the defective portion of the complaint. *Gerard*, 189 Wis. 2d at 510, 525 N.W.2d at 719. Relying on *Martin*, Gerard argued that the error in the penalty enhancement failed to inform him of the extent of the punishment at the time he pleaded to the charges and that the amendment meaningfully changed the basis upon which he pleaded to the charges. *Id.* at 511, 525 N.W.2d at 720.

The *Gerard* court began its discussion by noting that the parties "do not dispute that the defendant's prior convictions made him a repeater as defined in sec. 939.62(2), STATS., and, further, that the complaint and the information correctly alleged defendant's repeater status." *Gerard*, 189 Wis. 2d at 512, 525 N.W.2d at 720. The court concluded that the mistake in the penalty enhancer did not affect the sufficiency of the notice, and, therefore, the post-arraignment correction of the mistake did not violate § 973.12, STATS. In reaching this conclusion, the court noted that its concern in *Martin*—that the defendant have knowledge of the potential punishment before pleading to the charges—was satisfied because the information, at the time of arraignment, correctly alleged Gerard's

---

[6] The amount by which a penalty is increased under § 939.62(1), STATS., depends on the maximum penalty for the crime charged.

repeater status. *Id.* at 514, 525 N.W.2d at 721. Although there was no statutory violation, the court determined that it still had to consider whether Gerard was prejudiced by the amendment, since "[p]rejudice has always been a consideration with regard to amending a charging document." *Id.* at 517 n.9, 525 N.W.2d at 722. The court decided that the amendment did not prejudice Gerard. *Id.* at 518, 525 N.W.2d at 722.

Campbell points to the *Gerard* court's description of that amendment as a correction of a "clerical error," contending that the amendment in this case did not correct a clerical error. That is true but, in our view, the holding in *Gerard* is not limited to post-arraignment amendments that can be characterized as corrections of a clerical error. The *Gerard* court describes *Martin* as holding that § 973.12(1), STATS., establishes the time of arraignment and plea acceptance as a cut-off point "after which the information could not be amended to include a penalty enhancement." *Gerard*, 189 Wis. 2d at 517, 525 N.W.2d at 722. We read *Gerard* to hold that, where the information correctly alleges a defendant's repeater status, a post-arraignment amendment to the information does not violate § 973.12 as long as it does not affect the sufficiency of the notice to the defendant concerning his or her repeater status.

As in *Gerard*, there is no dispute that Campbell's prior convictions made him a repeater and there is no dispute that Campbell's repeater status was correctly alleged in the complaint and information—that is, by correctly alleging the three prior misdemeanor convictions. Campbell, like Gerard, had accurate knowledge of his potential punishment at the time he entered his not guilty pleas at the arraignment. The

amendment adding a fourth prior misdemeanor conviction did not affect the sufficiency of that notice.

Campbell's interpretation of § 973.12, STATS., would require that all prior convictions be alleged before or at arraignment, even if they were not necessary to repeater status. That is inconsistent with the *Gerard* court's discussion of *Martin*, and we reject this interpretation of § 973.12. We conclude that the amendment did not violate § 973.12 because, at the time of the arraignment and before acceptance of Gerard's plea at arraignment, the information correctly alleged his repeater status, including the three necessary prior misdemeanor convictions.

Although the amendment to the information did not violate § 973.12, STATS., following *Gerard* we must decide whether Campbell was prejudiced by the amendment. In *Gerard*, the court decided that the defendant was not prejudiced because he did not seek to withdraw his guilty plea once he became aware of the mistake; he did not argue prejudice in his motion to the trial court to dismiss the defective complaint and amend the information; and the court could not conceive how a misstatement of the penalty enhancer discovered nine months before trial could have had any prejudicial impact on Gerard's preparation for trial. *Gerard*, 189 Wis. 2d at 518-19, 525 N.W.2d at 722-23.

Campbell argues that if the August 4, 1994 prior misdemeanor is reversed on appeal, then his potential punishment differs depending on whether the amendment is permitted. Campbell suggests that without the amendment, a reversal of the August 4, 1994 misdemeanor would require a reduction of that part of the sentence due to the penalty enhancer because there would then only be two unreversed prior

misdemeanor convictions alleged in the information. Therefore, Campbell claims, the amendment meaningfully changed the basis on which he assessed his possible punishment at the time of his plea at arraignment.[7]

We do not decide whether Campbell's assumption about the effect of a reversed prior conviction is correct. Even if it is correct, that does not explain how the amendment prejudiced his ability to assess his potential punishment. Campbell provides no detail to illuminate this general assertion. We can see no reason why Campbell would have pleaded guilty rather than not guilty at the arraignment had he known the State was going to add a fourth prior misdemeanor conviction to the information. Campbell knew of the amendment at the time he changed his plea to no contest pursuant to the plea agreement and nevertheless chose to plead no contest. The "prejudice" Campbell describes is what he perceives to be the potential adverse effect of the amendment on his chances of avoiding the penalty enhancer; but we see no adverse effect from the amendment on his ability to evaluate his potential punishment, either at the arraignment or at the plea hearing.

Campbell points to *State v. Wilks*, 165 Wis. 2d 102, 477 N.W.2d 632 (Ct. App. 1991), in support of his argument that he was prejudiced. In *Wilks*, the criminal complaint charged the defendant with misdemeanor retail theft. It also contained a repeater

---

[7] We understand Campbell to be referring in this argument to the pleas at arraignment. However, because he does not always make this clear, we address this argument in the contexts of arraignment and of the pleas he later entered pursuant to the plea agreement.

allegation and the date of a prior conviction. Pursuant to a plea agreement, Wilks pleaded no contest to the misdemeanor retail theft charge, but did not admit to the repeater offense. The hearing on sentencing was adjourned to permit the State to document the prior conviction. When the State conceded it could not do so, the court permitted an amendment to the charging document to allege a different prior offense, which the State could prove. The court then sentenced Wilks. We held that Wilks was prejudiced by the amendment because he entered the no contest plea having notice of only the one alleged prior conviction, which he believed the State could not prove and which it could not prove.[8]

The analysis of prejudice in *Wilks* does not aid Campbell. Campbell knew at the time he entered his no contest pleas pursuant to the plea agreement that the information was amended to contain a fourth prior conviction.

*By the Court.*—Judgment affirmed.

---

[8] *State v. Wilks*, 165 Wis. 2d 102, 477 N.W.2d 632 (Ct. App. 1991), was decided prior to *State v. Gerard*, 189 Wis. 2d 505, 525 N.W.2d 718 (1995). In *Wilks,* we read *State v. Martin*, 162 Wis. 2d 883, 470 N.W.2d 900 (1991), to bar only those post-plea repeater amendments under § 973.12(1), STATS., that violate due process by not sufficiently notifying the defendant of the possible punishment at the time of the plea. *Wilks*, 165 Wis. 2d at 110 n.9, 477 N.W.2d at 636. *Gerard* does not refer to *Wilks*. To the extent that our interpretation of § 973.12 in *Wilks* is inconsistent with *Gerard*, we must follow *Gerard. See State v. Kircher*, 189 Wis. 2d 392, 398, 525 N.W.2d 788, 790 (Ct. App. 1994). However, any inconsistency that may exist between those two cases does not affect our analysis of prejudice in this case.