# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 4, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** **2021AP843-CR**
**2021AP844-CR**
**2021AP845-CR**

Cir. Ct. Nos. 2017CF256
2017CF307
2019CF197

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT III**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

STEVEN M. NELSON,

    DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Barron County: MAUREEN D. BOYLE, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

¶1   HRUZ, J. Steven Nelson appeals from several judgments of conviction and from an order denying his motion to modify one of his sentences.[1] Nelson argues that he was improperly sentenced as a repeater under WIS. STAT. § 939.62(1)(b) (2021-22)[2] because the State failed to provide sufficient notice of his repeater status, as required by WIS. STAT. § 973.12(1).  In particular, Nelson contends that the State's repeater allegation in the Information was deficient because it contained an incorrect description of a prior conviction.  He therefore argues that the repeater portion of his sentence is void as a matter of law.

¶2   We conclude that the State complied with WIS. STAT. § 973.12(1) and provided Nelson with the requisite notice of his repeater status.  Although the charging language in the criminal complaint and in the Information incorrectly described the underlying offense of Nelson's prior conviction, it correctly identified the case number, the county, and the date of that conviction.  In addition, the probable cause portion of the complaint correctly stated all of the necessary information for a proper repeater allegation, including an accurate description of Nelson's repeater offense.  Under those circumstances, Nelson had sufficient notice of the prior conviction establishing his repeater status, and he was therefore properly sentenced as a repeater.  Accordingly, we affirm.

---

[1] Upon the State's motion and upon Nelson's assertion that the records in 2021AP843-CR and 2021AP844-CR were necessary for his appeal in 2021AP845-CR, we consolidated his three appeals.  The main issue in these appeals arises out of 2021AP845-CR, which is an appeal from a judgment and an order in Barron County case No. 2019CF197.  Nelson does not raise any issues regarding the judgments in Barron County case Nos. 2017CF256 and 2017CF307, which are appeal Nos. 2021AP843-CR and 2021AP844-CR, respectively.  We therefore affirm those judgments.

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

## BACKGROUND

¶3      In Barron County case No. 2019CF197, the State charged Nelson with three offenses, including one count of possession of methamphetamine as a repeater under WIS. STAT. § 939.62(1)(b).  The complaint correctly identified the possession of methamphetamine charge as a Class I felony, for which Nelson could be imprisoned up to three years and six months.  *See* WIS. STAT. §§ 939.50(3)(i), 961.41(3g)(g).  The complaint also correctly informed Nelson that—as a repeater—his maximum term of imprisonment could be increased by up to four years if his prior conviction was a felony.  *See* § 939.62(1)(b).

¶4      The complaint contained some conflicting information, however, regarding the underlying offense that served as the basis for the repeater allegation.  The complaint's charging language alleged that Nelson "is a repeater" because he was convicted of "Possession of *Methamphetamine*" in Barron County case No. 2017CF307 on November 15, 2017.  (Emphasis added.)  In contrast, the probable cause portion of the complaint stated that "the defendant was convicted [in case No. 2017CF307] of a felony charge of possession of *a firearm as a convicted felon*."  (Emphasis added.)

¶5      It is undisputed that the latter allegation in the complaint is correct— i.e., that Nelson was convicted in case No. 2017CF307 of possession of a firearm as a convicted felon.  Nonetheless, the State later filed an Information that contained the same error as the complaint; the Information's charging language— which was identical to the complaint's charging language—alleged that Nelson was a repeater and had been convicted of possession of methamphetamine in case No. 2017CF307.

3

¶6 Nelson eventually pled guilty to possession of methamphetamine as a repeater in case No. 2019CF197, and the remaining charges were dismissed and read in. Nelson acknowledged the repeater allegation in his plea questionnaire and at the plea hearing, and he did not dispute the nature of the conviction as alleged in the Information. At the plea hearing, the circuit court asked Nelson whether he had "previously been convicted of Possession of Methamphetamine, in Barron County Case 17-CF-307, on November 15th, 2017[.]" Nelson responded, "Uh, yes, Your Honor." The court and Nelson also discussed the State's burden of proving that prior conviction and Nelson's sentencing exposure as a repeater:

> THE COURT: Additionally, they have alleged here that you are a "repeater," and you've acknowledged that you're a "repeater." They would have had to prove to the Court that you were indeed previously convicted of this felony-level drug offense, and that that record still remains of record and is unreversed. Do you understand that?
>
> THE DEFENDANT: I do.
>
> THE COURT: The maximum penalty, because of the "repeater" allegation, for this offense is a fine of not more than 10,000 dollars, or imprisonment for not more than seven and a half years, or both; and your license could be suspended. Do you understand those are the maximum penalties the Court can consider at the time of your Sentence?
>
> THE DEFENDANT: I do.

After accepting Nelson's guilty plea, a sentencing hearing was scheduled, at which the court withheld sentence and placed Nelson on probation for three years.

¶7 Several months later, however, Nelson's probation in case No. 2019CF197 was revoked along with his probation in Barron County case Nos. 2017CF256 and 2017CF307. The circuit court subsequently held a sentencing

after revocation hearing for all three cases. During the hearing, both the prosecutor and the court correctly observed that Nelson's conviction in case No. 2017CF307 involved a firearm. The paperwork filed with the revocation order and warrant also accurately described Nelson's conviction in case No. 2017CF307 as possession of firearm as a convicted felon.

¶8 Ultimately, the circuit court imposed concurrent eight-year sentences in case Nos. 2017CF256 and 2017CF307, consisting of four years' initial confinement followed by four years' extended supervision. The court also imposed a five-year sentence in case No. 2019CF197, consecutive to the other two sentences and consisting of three years' initial confinement followed by two years' extended supervision.[3] While sentencing Nelson in case No. 2019CF197, the court recognized that he was "a repeater."

¶9 Nelson later filed a motion to modify his sentence in case No. 2019CF197, asking the circuit court to void "the repeater portion of his sentence." Nelson asserted that the complaint and the Information incorrectly described the underlying offense of his conviction in case No. 2017CF307. He therefore argued that the repeater portion of his sentence was based on a conviction that did not exist. The court denied Nelson's motion, concluding that there was "sufficient notice" of the repeater allegation and that the record supported that allegation.

---

[3] The circuit court originally imposed three years' initial confinement followed by three years' extended supervision. But the court later ordered that the judgment of conviction be amended to reflect two years' extended supervision, which the court determined was the maximum amount of extended supervision permitted by law for the underlying offense.

¶10 Nelson now appeals. Additional facts will be provided as necessary below.

**DISCUSSION**

¶11 Nelson renews his argument that the circuit court improperly sentenced him as a repeater because the State failed to comply with the notice requirement in WIS. STAT. § 973.12(1).[4] In particular, Nelson contends that the Information incorrectly alleged that he was a repeater based on a prior possession of methamphetamine conviction that did not exist. He therefore contends that the repeater portion of his sentence—i.e., the portion of the sentence above the maximum for a Class I felony, *see* WIS. STAT. § 939.50(3)(i)—is void as a matter of law. *See* WIS. STAT. § 973.13. Whether the State provided sufficient notice under § 973.12(1) of a defendant's repeater status is a question of law that we review de novo.[5] *State v. Stynes*, 2003 WI 65, ¶11, 262 Wis. 2d 335, 665 N.W.2d 115.

¶12 Pursuant to WIS. STAT. § 939.62(1), the maximum term of imprisonment for certain crimes can be increased if the defendant is a "repeater." A defendant is a "repeater" if the defendant "was convicted of a felony during the

---

[4] The State notes that Nelson appears to suggest, at times, that the State failed to prove Nelson's prior conviction. The State therefore argues that it proved the repeater allegation at sentencing. Nelson clarifies in his reply brief, however, that "[h]e is not arguing that the State failed to meet its burden of proving up the repeater conviction at sentencing." Accordingly, Nelson concedes the validity of the State's argument, and we will not address that issue further.

[5] Although compliance with the notice requirement can also raise constitutional due process concerns, *see* **State v. Stynes**, 2003 WI 65, ¶11, 262 Wis. 2d 335, 665 N.W.2d 115, Nelson does not raise any due process concerns that are separate or distinct from his argument that the State failed to provide sufficient notice under WIS. STAT. § 973.12(1).

6

5-year period immediately preceding the commission of the crime for which the [defendant] presently is being sentenced, or if the [defendant] was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed." Sec. 939.62(2).

¶13 Before a defendant may be sentenced as a repeater, WIS. STAT. § 973.12(1) requires the State to allege the defendant's prior qualifying convictions "in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea."[6] *Stynes*, 262 Wis. 2d 335, ¶13. The underlying policy of this notice requirement "is to satisfy due process by assuring that the defendant knows the extent of the potential punishment at the time of the plea." *Id.*, ¶31; *State v. Thompson*, 2012 WI 90, ¶50, 342 Wis. 2d 674, 818 N.W.2d 904.

¶14 Our supreme court has explained that "a repeater allegation should identify the repeater offense, the date of conviction for that offense, and the nature of the offense—whether for a felony or misdemeanor conviction." *Stynes*, 262 Wis. 2d 335, ¶15 (citing *State v. Gerard*, 189 Wis. 2d 505, 515-16, 525 N.W.2d

---

[6] WISCONSIN STAT. § 973.12(1) provides, in relevant part:

> Whenever a person charged with a crime will be a repeater … under [WIS. STAT. §] 939.62 … if convicted, any applicable prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If the prior convictions are admitted by the defendant or proved by the state, he or she shall be subject to sentence under … [§] 939.62 ….

718 (1995)). Further, the State must plead a repeater allegation "with relative clarity and precision." *Id.* (quoting *State v. Wilks*, 165 Wis. 2d 102, 111, 477 N.W.2d 632 (Ct. App. 1991)).

¶15 Here, the repeater allegation in the charging language of the complaint and the Information erroneously described Nelson's conviction in case No. 2017CF307 as possession of methamphetamine instead of possession of a firearm as a convicted felon. Although the charging language misstated the description of Nelson's repeater offense, the remaining information about the conviction unambiguously described one of Nelson's actual convictions— possession of a firearm as a convicted felon. Furthermore, the probable cause portion of the complaint confirmed what the charging language already communicated: that Nelson was a repeater based on his November 15, 2017 felony conviction in Barron County case No. 2017CF307 for possession of firearm as a convicted felon. Under these circumstances, the State's repeater allegation satisfied the notice requirement in WIS. STAT. § 973.12(1).

¶16 The circumstances of this case are similar to those in *Stynes*.[7] In *Stynes*, our supreme court considered whether the State satisfied the notice requirement in WIS. STAT. § 973.12(1) when the repeater allegation in the complaint misstated the date of the convictions by one calendar day. *Stynes*, 262 Wis. 2d 335, ¶¶1-2, 10. The court acknowledged that the date of conviction "is essential" to a repeater allegation, but it concluded that the incorrect date "did not

---

[7] Despite the State's heavy reliance on *Stynes* in its response brief, Nelson largely ignores *Stynes* in his reply brief and makes no effort to distinguish *Stynes* from the circumstances in his case.

render the repeater allegation ineffective." *Id.*, ¶¶21, 30. The court recognized that the complaint provided the defendant "with a description of the offenses, the county where the convictions occurred, the case number, and a date of the convictions that was off by one calendar day." *Id.*, ¶32. Under those circumstances, the court determined that "the complaint provided [the defendant] with the information necessary to identify which of his prior convictions would be used to establish his repeater status." *Id.*

¶17 Like the complaint in *Stynes*, the complaint and Information in this case provided Nelson with the facts necessary to discern the prior conviction that would establish his repeater status. Even though the error in *Stynes* involved an incorrect date of conviction, instead of an incorrect description of the repeater offense, the result is no different. Nelson could readily determine his repeater offense from the provided case number, date of conviction, and county of conviction. Furthermore, and importantly, the probable cause portion of the complaint correctly described the repeater offense, which removed any possible ambiguity that might have remained.

¶18 Nelson contends—based solely on the Information's incorrect description of his prior offense—that the State "failed to plead the repeater

9

allegation with the requisite clarity and precision the law requires."[8]   Nelson further argues that Wisconsin law "requires the State to identify the repeater offense in the repeater allegation" and to identify a conviction that actually exists. Nelson asserts that neither occurred here.

¶19   Nelson's arguments are misplaced.   First, no Wisconsin court has embraced a bright-line rule requiring perfection in a repeater allegation.   Rather, "[a] repeater allegation *should* identify the repeater offense," among other facts related to the prior conviction, and be pled "with *relative* clarity and precision." *Stynes*, 262 Wis. 2d 335, ¶15 (emphasis added; citations omitted).   Indeed, our

---

[8] Nelson appears to suggest that we should consider only the Information when determining whether the State complied with the notice requirement in WIS. STAT. § 973.12(1). Our supreme court has recognized that "[b]ecause the defendant pleads to the [I]nformation, that is the document which will *ordinarily* include the repeater allegation." *State v. Gerard*, 189 Wis. 2d 505, 512 n.6, 525 N.W.2d 718 (1995) (emphasis added). In doing so, however, the court recognized that § 973.12(1) might "permit[] the state to allege defendant's repeater status in *either* the complaint, indictment or [I]nformation." *Gerard*, 189 Wis. 2d at 512 n.6. It also cited with approval our decision in *State v. Trammel*, 141 Wis. 2d 74, 413 N.W.2d 657 (Ct. App. 1987), in which we concluded that the repeater allegation in the complaint met statutory and constitutional requirements despite there being *no* repeater allegation in the Information. *Gerard*, 189 Wis. 2d at 512 n.6; *see also Trammel*, 141 Wis. 2d at 76, 78-79, 80 & n.7.

In reaching our conclusion in *Trammel*, we explained that WIS. STAT. § 973.12(1) "permits a repeater allegation to be made in the criminal complaint" and that the statute governing the general form of an Information, WIS. STAT. § 971.03, "does not require a statement as to [the] penalty or penalty enhancer." *Trammel*, 141 Wis. 2d at 78-80. Given our analysis in *Trammel* and our supreme court's approval of that analysis in *Gerard*, we conclude, under the circumstances of this case, that we can consider the criminal complaint and the Information when determining whether the State complied with the notice requirement in § 973.12(1).

We also note that this is not a case in which the State abandoned the repeater allegation in the complaint for a different repeater allegation in the Information. *See, e.g.*, *State v. Thoms*, 228 Wis. 2d 868, 879, 599 N.W.2d 84 (Ct. App. 1999) (concluding "the State abandoned the complaint's repeater allegation when it identified a different repeater allegation in the [I]nformation"). As discussed earlier, the charging language in the complaint, which contained the incorrect description of Nelson's repeater offense, was identical to the charging language in the Information. Thus, the State did not assert a different repeater allegation in the Information.

supreme court's decision in *Stynes* demonstrates that some "essential" information in a repeater allegation can be incorrect, and such incorrect information is not fatal to the State's compliance with WIS. STAT. § 973.12(1). *See Stynes*, 262 Wis. 2d 335, ¶¶30, 32.

¶20 Second, the repeater allegations in the complaint and in the Information were based on one of Nelson's prior convictions that actually existed—i.e., his Barron County conviction on November 15, 2017, for possession of a firearm as a convicted felon. The case number, date of conviction, and county of conviction all suggested that the State would use that particular conviction to establish Nelson's repeater status. Further, the probable cause portion of the complaint correctly described Nelson's repeater offense. Nelson's repeater status was therefore based on a conviction that did exist and was accurately described in a portion of the complaint.

¶21 Nelson also argues that our decision in *Wilks* should govern this case. In *Wilks*, the defendant was charged with misdemeanor retail theft, and the complaint alleged that the defendant was a repeater because of a prior forgery conviction on May 24, 1986. *Wilks*, 165 Wis. 2d at 104. The defendant subsequently pled no contest to the theft charge, but his attorney informed the circuit court that the 1986 conviction did not exist. *Id.* at 105. The State later conceded that the 1986 conviction did not exist, but the court permitted the State to amend the complaint to allege that the defendant had been convicted of forgery on July 3, 1985. *Id.* at 106. We reversed, concluding that the amendment to the repeater allegation meaningfully changed the basis upon which the defendant assessed the extent of possible punishment at the time of his plea. *Id.* at 111. In doing so, we recognized that the defendant did not have notice of the State's use of

11

the July 3, 1985 forgery conviction when he entered his plea and that he entered his plea upon the belief that the State could not prove the 1986 forgery conviction. *Id.* at 110.

¶22    The facts in this case are meaningfully different from the facts in *Wilks*, especially as contrasted with those in *Stynes*. In *Wilks*, there is nothing to suggest that the repeater allegation alleged the correct case number or county of conviction. *Wilks*, 165 Wis. 2d at 104-06. In addition, the prosecutor conceded that the original repeater allegation was based on a conviction that did not exist. *Id.* at 106. Here, however, the repeater allegation was based on a conviction that did exist, and Nelson had notice of the correct case number, county of conviction, and date of conviction, in addition to an accurate description of the repeater offense in the probable cause portion of the complaint. Thus, unlike the defendant in *Wilks* who pled no contest without notice of the conviction that would establish his repeater status, *see id.* at 110, Nelson had notice that the State would use his conviction in case No. 2017CF307 to establish his repeater status.

¶23    In sum, we conclude that the State complied with WIS. STAT. § 973.12(1) and provided Nelson with the requisite notice of his repeater status. In addition, the error describing the repeater offense did not render the State's repeater allegation ineffective. *See Stynes*, 262 Wis. 2d 335, ¶21. Accordingly, Nelson was properly sentenced as a repeater.

        *By the Court.*—Judgments and order affirmed.

        Not recommended for publication in the official reports.