STATE of Wisconsin, Plaintiff-Respondent,

v.

Donavin HEMPHILL, Defendant-Appellant.†

Court of Appeals

*No. 2004AP2829–CR. Submitted on briefs August 2, 2005.
—Decided September 7, 2005.*

2005 WI App 248

(Also reported in 707 N.W.2d 313.)

† Petition to review denied 12-14-05.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeffrey W. Jensen* of *Law Offices of Jeffrey W. Jensen*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Gregory M. Weber*, assistant attorney general and *Peggy A. Lautenschlager*, attorney general.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. WEDEMEYER, P.J. Donavin Hemphill appeals from a judgment entered after a jury found him guilty of possession of a firearm by a felon and possession of a short-barreled shotgun, contrary to Wis. Stat. §§ 941.29(2) and 941.28(2) (2003–04).[1] He also appeals from an order denying his postconviction motion. Hemphill claims that the admission of a statement made to police who arrived at the crime scene violated his right to confrontation, and that the evidence against him without the admitted statement was insufficient to support the conviction. Because the challenged statement did not violate Hemphill's confrontation rights, we affirm.

## BACKGROUND

¶ 2. On October 28, 2001, police were dispatched in response to a call of "trouble with subjects." On the way to the scene, the call was updated to "subject with gun." When the police arrived at the scene, they saw Chreshonda Fields standing outside an apartment building. Fields pointed at two people who were walking away from the building and said something like, "Those are the ones. That's them."

¶ 3. The pair drove away in a vehicle and the police followed. The vehicle stopped, and the officers observed the male passenger making furtive move-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

ments and the passenger side door open slightly two times. When police officers approached the car, they observed a sawed-off shotgun placed underneath the vehicle. The male passenger was identified as Hemphill and he was charged as indicated above.

¶ 4. Hemphill pled not guilty and the case proceeded to trial. Hemphill's theory of defense was that he did not possess the shotgun the police found; rather, it must have simply been lying in the street when the vehicle pulled up and stopped. Fields did not testify during the trial. However, the police officers testified as to the statement she made to them when they arrived at the scene. Trial counsel made no objection to this evidence. Hemphill was convicted and judgment was entered. He filed a postconviction motion alleging that trial counsel was ineffective for failing to object to the admission of Fields's statement through the police officers.

¶ 5. He based his argument in part on the recent United States Supreme Court case, *Crawford v. Washington*, 541 U.S. 36 (2004), wherein the court modified the *Ohio v. Roberts*, 448 U.S. 56 (1980) rule[2] governing out-of-court statements. The Supreme Court concluded that when a proffered statement is testimonial in nature, it can be admitted only if the defendant had a prior opportunity to cross-examine the unavailable declarant. *Crawford*, 541 U.S. at 68.

---

[2] Under *Ohio v. Roberts*, 448 U.S. 56 (1980), proffered hearsay statements are admissible if the declarant is unavailable to testify as long as the statement bears "adequate 'indicia of reliability.' " *Id.* at 66. A statement is sufficiently reliable if it fits within a "firmly rooted hearsay exception" or if it possessed "particularized guarantees of trustworthiness." *Id.* (footnote omitted).

¶ 6. Hemphill claimed that his case should be controlled by the *Crawford* rule, that Fields's statement was testimonial and, therefore, it was improperly admitted because he had no opportunity to cross-examine her. He argued that the statement violated his Sixth Amendment right to confrontation, that the statement was inadmissible hearsay, and that his trial counsel was ineffective for failing to raise the issue. The trial court denied the motion, ruling that even assuming retroactive application of *Crawford* to this case, the proffered statement here was not testimonial in nature. The trial court further ruled that the Fields statement was not hearsay because it was not offered to prove the truth of the matter, but was offered to explain why the officers followed the pair departing from the scene. Finally, the trial court held that even if the statement was hearsay, it was admissible under the present sense impression exception to the hearsay rule, Wis. Stat. § 908.03(1).

¶ 7. Hemphill now appeals from the judgment and order.

## DISCUSSION

¶ 8. The first issue is whether the Supreme Court's recent decision in *Crawford* requires reversal in this case. We agree with the trial court that it does not.

¶ 9. In reviewing constitutional questions, we will not upset the trial court's historical facts unless they are clearly erroneous; however, our application of those facts to constitutional standards and whether a defendant's constitutional rights were in fact violated, are issues this court reviews independently. *See State v. Trammel*, 141 Wis. 2d 74, 77–78, 413 N.W.2d 657 (Ct. App. 1987).

¶ 10. In *Crawford*, the Supreme Court modified the rules governing a defendant's confrontation rights with respect to out-of-court statements proffered for use at trial, which are testimonial in nature. 541 U.S. at 36. The Supreme Court offered some guidance to lower courts in addressing whether a proffered statement is testimonial in nature. *Id.* Although the definition was not comprehensive, the Court ruled that "at a minimum" the term testimonial applies "to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Id.* at 68. The reasoning behind the Supreme Court's ruling was that these situations present the practices with the "closest kinship to the abuses at which the Confrontation Clause was directed." *Id.*

¶ 11. The statement made by Fields in the instant case does not fall into any of the identified categories of "testimonial" statements. This was not a statement extracted by the police with the intent that it would be used later at trial. It was not an interrogation situation. Fields offered the statement without any solicitation from police. It was a spontaneous statement made to a responding police officer. Like the foreign cases cited by the State in its brief, the Fields statement was offered unsolicited by the victim or witness, and was not generated by the desire of the prosecution or police to seek evidence against a particular suspect. *See People v. Moscat*, 777 N.Y.S.2d 875 (N.Y. Crim. Ct. 2004); *State v. Forrest*, 596 S.E.2d 22 (N.C. Ct. App. 2004); *People v. Corella*, 18 Cal. Rptr. 3d 770 (Cal. Ct. App. 2004).

¶ 12. Based on our analysis, we agree with the trial court that Fields's statement was not testimonial in nature. Accordingly, the *Crawford* rule controlling

testimonial statements does not apply. Rather, the *Roberts* rule governs the admissibility of the Fields statement.

¶ 13. In order to be admissible under *Roberts*, the declarant must be unavailable to testify and the statement must bear "adequate 'indicia of reliability.' " *Id.*, 448 U.S at 66. A statement is sufficiently reliable if it fits within a "firmly rooted hearsay exception" or if it possessed "particularized guarantees of trustworthiness." *Id.* (footnote omitted). In the instant case, the Fields statement falls squarely within the present sense impression or excited utterance exceptions to the hearsay rule.[3] Therefore, it is sufficiently reliable and was properly admitted. Hemphill's claim that the admission of the Fields statement violated his confrontation rights fails.

¶ 14. Similarly, his connected claim that trial counsel provided ineffective assistance by failing to raise the confrontation issue fails as well. We have just concluded that the statement did not violate Hemphill's confrontation rights and was properly admitted. It logically follows then, that counsel cannot be faulted for failing to make an objection, which would have been

---

[3] WISCONSIN STAT. § 908.03(1) provides that an out-of-court statement is not hearsay if it is a present sense impression: "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."

WISCONSIN STAT. § 908.03(2) provides that an out-of-court statement is not hearsay if it is an excited utterance: "A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."

overruled. *See State v. Toliver*, 187 Wis. 2d 346, 360, 523 N.W.2d 113 (Ct. App. 1994).

¶ 15. Finally, because we have concluded that the proffered evidence was properly admitted, we need not address Hemphill's last claim that without the Fields statement, the evidence was insufficient to support his conviction. The Fields statement was properly admitted; therefore, there is no reason to analyze whether the remaining evidence alone was sufficient to support the conviction.

*By the Court.*—Judgment and order affirmed.